## EX PARTE W. F. RUSK.

No. 17525. Delivered February 27, 1935.

The opinion states the case.

*H. S. Groesbeeck,* of San Antonio, for appellant.

*John R. Shook,* Crim. Dist. Atty., of San Antonio, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the District Court of Bexar County, Texas, declining to discharge the relator from the custody of the sheriff.

The record discloses that at the January term, A. D. 1925, of the District Court of the 37th Judicial District of Texas, the relator was indicted for the offense of theft of $6,300 from Charles E. Hummel. In the summer of 1928, W. S. Anthony was duly elected Special Judge of the 37th District Court in and for Bexar County, Texas, and duly qualified in the manner and form prescribed by law. At said time there were pending in said court a great number of old cases in which no arrests had been made and in others testimony could not be procured to sustain a conviction. Prior to the 25th day of September, 1928, a list of such cases was furnished to the judge either by the district attorney or the district clerk accompanied by a statement that the cases should be dismissed because of insufficient evidence to obtain convictions or that the defendants had not been arrested. Said special judge testified that at no time when he acted as special judge was a case dismissed except at the request or upon motion of the district attorney; that on said 25th day of September, 1928, quite a number of cases were dismissed at the request of the district attorney; including the one against relator; that he would not have made any order dismissing said cases without the request of the district attorney. The order made by the court shows: "that after certain cases, including the one against relator, were set for trial on September 25, 1928, and after the cases were called on said date for final action, it was made known to the court that the indictments in said cases were returned some years before; that capiases were duly issued but after diligent search defendants could not be apprehended, etc. It is therefore ordered by the court that the following cases, including the case of State v. Jack Carter, No. 32,841, be and the same are dismissed." It was further shown that Jack Carter and W. F. Rusk, the relator, are one and the same person. Re-

lator was arrested by the sheriff of Bexar County on the 17th day of January, A. D., 1935, by virtue of a capias issued by the clerk of said court upon the indictment returned against him on said 24th day of February, A. D. 1925, in cause No. 32,841, and was being held by said sheriff by virtue of said writ.

Relator's main contention is that he is being illegally restrained of his liberty because the case against him was dismissed on September 25, 1928, by the court at the request of the district attorney by an order duly entered on the minutes of said court and that no other indictment has been returned against him by the grand jury of Bexar County. The State's contention is that the order of the court dismissing the case against relator on the 25th day of September, A. D. 1928, was void and of no force and effect because there was no written motion filed by the district attorney in which he set forth his reasons for asking permission to dismiss the case as required by article 577, C. C. P., which reads as follows: "The district or county attorney may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge." While it is true that no written formal motion was made by the district attorney setting forth his reasons for asking the permission of the court to dismiss the case and incorporated in the judgment, yet it appears that he verbally requested the court for permission to dismiss the case, stating his reasons therefor at the time, which seem to have been incorporated in the judgment. The statute does not prescribe any particular reasons to be assigned; therefore he may assign any reason which the court may deem sufficient upon which to base his action in dismissing the case. It is our opinion that the statute is directory and not mandatory because the directions given in the statute are not of the essence of the thing to be done, but are prescribed with a view of orderly conduct, the omission of which, or if done in some other manner, would not prejudice the rights of any party. It makes but little difference in what manner the required thing is done so long as the end is in fact accomplished. It is manifest from a reading of the statute that the district attorney could not dismiss a case without the permission of the court, but when the district attorney requests the dismissal of a case, stating his reason therefor, whatever they may be, and the court in

the exercise of his discretion deems them sufficient, and dismisses the case by an order spread upon the minutes of his court in which the reasons are incorporated, then it seems that the statute has been at least substantially complied with. See Williams v. State, 110 S. W., 63, and cases therein referred to; Ex parte Isbell, 87 S. W., 145; Diseren v. State, 127 S. W., 1038. The State in this case relies upon the case of Malley et al v. State, 69 S. W. (2d) 765, in support of its contention, but an examination of that case will disclose that we did not express an opinion as to whether the statute would have to be literally complied with or whether a substantial compliance therewith would be sufficient to meet the demands of the law. because that question was not involved in the case. In that case the trial court had under consideration a motion filed by the defendant praying for a new trial. The court upon a hearing of said motion set aside the verdict of the jury and ordered the prosecution dismissed and discharged the defendant, but before he read his announcement dismissing the case the county attorney called the court's attention to the fact that he had no authority to do more than set aside the informal verdict of the jury and grant the defendant's motion for a new trial. Therefore, it is manifest that the couny attorney did not make any request for a dismissal of the case but protested against such action without avail. Hence, we merely cited the statute in the Malley case, supra, without reference as to whether the statute could be complied with substantially by an oral statement or motion on the part of the prosecuting attorney.

Having reached the conclusion that the statute was substantially complied with, that the dismissal was a dismissal of the case, and relator is entitled to be released, we therefore reverse the judgment and order of the trial court and order that relator be discharged.

*Reversed, with directions*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.