EX PARTE JAMES V. KINSLEY.

No. 24160. October 20, 1948.
Rehearing Denied November 17, 1948.

Hon. J. B. Randolph, Judge Presiding.

Petitioner represented himself.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Relator is confined in the state penitentiary under and by virtue of a judgment of conviction in Cause No. 1354 in the District Court of Kimble County, Texas, for the offense of robbery by assault. He applied to the Honorable F. L. Hawkins, Presiding Judge of this Court, for a writ of habeas corpus and prayed that upon a hearing thereof he be released from said institution. He bases his application on the following grounds: first, that the judgment rendered and entered against him is void because the trial court was without jurisdiction to render the particular judgment and pronounce the particular sentence upon him since he was charged by indictment with a capital offense, to-wit: robbery by assault, by violence, by the use of firearms, second, that he could not legally waive a trial by jury in a capital case, third, that the trial court could not legally accept his plea of guilty and adjudge him guilty of the offense charged, and fourth, that the trial court could not legally

assess his punishment at confinement in the state penitentiary for not less than five years nor more than life.

The Presiding Judge of this court ordered the clerk of this court to file the application for the writ together with all exhibits attached thereto, and directed him to forward the same to the judge of the District Court of Kimble County, who after due notice to the representative of the State of Texas, was to develop the facts touching the several issues raised therein and certify the same to this court as contemplated by Art. 119, C. C. P.

The Judge of the District Court of Kimble County, in compliance with the order of the Presiding Judge of this court, gave notice to the district attorney who in due time filed a motion wherein he averred that he waived the capital feature of the offense with which relator was charged before the trial began; that the defendant, with the consent of the district attorney and the approval of the trial court, waived a trial by jury and entered a plea of guilty to the court; that the trial court upon hearing evidence in connection with relator's plea of guilty found him guilty of robbery by assault and assessed his punishment at confinement in the state penitentiary for life, and sentenced him accordingly, but that through some clerical error, oversight, or mistake the judgment as entered on the minutes recited that his punishment was assessed at confinement in the state penitentiary at not less than five years nor more than life and the sentence was likewise erroneously entered, and he prayed that judgment and sentence be reformed in accordance with the judgment actually rendered and the sentence actually pronounced upon relator. The court issued a bench warrant for relator and his co-principal, had each served with a copy of the state's motion, and appointed an attorney to represent them upon this hearing.

It appears from the facts as developed by the district judge of Kimble County that the district attorney did waive the capital feature of the offense with which relator was charged; that relator prepared a written application in which he asked the district attorney's consent and the approval of the trial court to waive a trial by jury which was agreed to by the district attorney and approved by the court. It is further shown that the court did find relator guilty of robbery by assault and assessed his punishment by confinement in the state penitentiary for life and pronounced sentence upon him accordingly which is reflected by the court's docket and the testimony of the dis-

trict attorney, but through an error or mistake the minutes erroneously recited that he was found guilty of robbery by firearms and that his punishment was assessed at not less than five years nor more than life. Upon such showing the trial court by a nunc pro tunc order reformed and corrected the judgment in accordance with that originally pronounced against him finding him guilty of robbery by assault, and assessing his punishment at confinement in the state penitentiary for life, and also reformed and corrected the sentence as it was actually pronounced upon him. See Ex Parte Brown, 210 S. W. (2d) 597; Ex Parte Mattox, 137 Tex. Cr. R. 380; Burnett v. State, 14 Texas 455; and In Re Black, 39 Am. St. Rep. 331.

Under the facts as developed upon the hearing and as certified to this court, we are of the opinion that the writ of habeas corpus should be denied and it is so ordered.

Opinion approved by the Court.

#### ON MOTION FOR REHEARING.

GRAVES, Judge.

Relator alleges that we were in error in failing to sustain his proposition that Article 577, C. C. P., requires that the dismissal of any case or the waiver of the graver portion of the charge can only be had by a written statement from the State's Attorney setting out his reasons therefor which shall also have the consent of the judge. This statute relative to the attorney setting out his reasons for such dismissal in writing has been held to be merely directory and not mandatory. See Wallace v. State, 145 Tex. Cr. R. 625, 170 S. W. (2d) 762. A substantial compliance with this statute is sufficient. See Ex Parte Rusk, 128 Tex. Cr. R. 135, 79 S. W. (2d) 865.

We think this cause was properly disposed of in the original opinion and the motion is therefore overruled.