COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-366-CR
 
SOPHEAP SIEV                                                               
     APPELLANT
V.
THE STATE OF TEXAS                                                             STATE
------------
FROM THE 16
TH
DISTRICT COURT OF DENTON COUNTY
------------
OPINION
------------
Appellant Sopheap Siev appeals his
conviction for unlawful possession of a firearm by a felon. In one point on
appeal, he claims the trial court abused its discretion by granting the State's
motion to dismiss a prior indictment on the same charge because he alleges the
State moved to dismiss the prior indictment in bad faith. We affirm.
Background
Dallas police officer Alejandro
Villareal stopped appellant when he observed appellant driving without wearing a
seatbelt. When Officer Villareal approached the car, he noticed the butt of a
handgun protruding from appellant's waistband. Officer Villareal then called for
backup assistance and drew his service revolver on appellant until Officer
Heather McGovern arrived. Appellant, who had a prior felony conviction, was
arrested for the offense of unlawful possession of a firearm by a felon.
On May 17, 2001, the grand jury
indicted appellant for the offense of unlawful possession of a firearm by a
felon. The case was originally set for trial on June 21, 2001. On June 15, the
State filed a motion for continuance, asserting that Officer Villareal was not
available for trial on June 21. The State contended that because the trial court
had given the State only eight days notice of the trial setting, the State was
not able to make arrangements with its witnesses to be available for trial. The
State also represented that it would be filing an amended indictment and that it
needed more time to obtain out-of-county documents. The trial court granted the
motion for continuance.
The trial court granted appellant's
motion for speedy trial and the case was reset for trial on July 9, 2001. On
June 27, the State filed a second motion for continuance. The State again
claimed that Officer Villareal was not available for trial, this time because he
would be out of the country on vacation in Belize on the scheduled trial date.
The State represented that Officer Villareal would be the only witness in the
State's case-in-chief and that his testimony was material and necessary. The
State admitted that it had not subpoenaed Officer Villareal for trial. The trial
court denied the second motion for continuance.
The State subsequently filed a
motion to dismiss without prejudice. The State's reason for seeking dismissal
was that "officers" were unavailable and that because the trial court
had denied the State's motion for continuance, the State would be forced to
proceed without essential witnesses. The trial court granted the State's motion
to dismiss without prejudice on July 9, 2001.
On August 30, 2001, the grand jury
reindicted appellant for the same offense. Appellant filed a motion to suppress,
claiming the warrantless search and seizure preceding his arrest were illegal.
Both Officer Villareal and Officer McGovern testified at trial. On September 4,
2002, the jury convicted appellant and sentenced him to ten years' confinement.
The trial court entered judgment on the verdict.
Discussion
The code of criminal procedure
provides that the State may dismiss a criminal action at any time as long as the
judge presiding over the action consents to the dismissal:

        
 The attorney representing the State may, by permission of the court, dismiss a
 criminal action at any time upon filing a written statement with the papers in
 the case setting out his reasons for such dismissal, which shall be
 incorporated in the judgment of dismissal. No case shall be dismissed without
 the consent of the presiding judge.

 
Tex. Code Crim. Proc. Ann. art.
32.02 (Vernon Supp. 2003); see Smith v. State, 70 S.W.3d 848, 850-51
(Tex. Crim. App. 2002). The judge's decision to grant the motion to dismiss is
reviewed under the abuse of discretion standard. See Ex parte Rusk, 128
Tex. Crim. 135, 79 S.W.2d 865, 866 (Tex. Comm'n App. 1935, holding approved).
To support his "bad
faith" argument, appellant relies on federal case law interpreting a
similar statute, which provides that "[t]he government may, with leave of
court, dismiss an indictment, information, or complaint." Fed. R. Crim. P.
48; United States v. Salinas, 693 F.2d 348, 350-51 (5th Cir.
1982); United States v. Hamm, 659 F.2d 624, 628 (5th Cir.
1981). According to those cases, the purpose of the "leave of court"
provision is primarily to protect the defendant from prosecutorial harassment. Salinas,
693 F.2d at 351; Hamm, 659 F.2d at 628. The key factor in
determining whether the dismissal is the result of prosecutorial harassment is
the government's good faith or lack thereof in moving to dismiss. Salinas, 693
F.2d at 351. There is a rebuttable presumption that the government acted in good
faith. Id. at 352. Thus, the trial court should grant a government
motion to dismiss unless it appears the prosecutor is motivated by
considerations clearly contrary to the public interest. Id. at 352-53
(holding trial court erred by granting government's motion to dismiss because
government acted in bad faith in moving to dismiss after jury selected because
it disliked jury composition); Hamm, 659 F.2d at 628-29 (holding trial
court erred by denying government's motion to dismiss because government acted
in good faith in moving to dismiss based on defendants' cooperation in providing
evidence against leaders of drug-smuggling conspiracy).
Appellant contends that the State
acted in bad faith in moving to dismiss the initial indictment because (1) the
State's assertion that Officer Villareal was an "essential" witness
was not supported by affidavit or testimony, (2) the State's claim that Officer
Villareal was the only witness who could attest to "each and every element
of the crime" was misleading or false, and (3) the State made no attempt to
subpoena Officer Villareal for trial.
The first two contentions are based
on the fact that Officer McGovern also testified at trial. Officer McGovern
testified about what occurred after she responded to the call for back up, but
only Officer Villareal could testify about the initial traffic stop and the
legality of the subsequent search and seizure. Thus, even though he was not the
sole witness, Officer Villareal was an essential witness. Furthermore, article
32.02 does not require the State to verify the reasons set forth in the motion
to dismiss; therefore, affidavit or live testimony was not necessary to support
the State's conclusion that Officer Villareal's testimony was essential and
necessary to the State's case. See Tex. Code Crim. Proc. Ann. art.
32.02.
Lastly, we discern no improper
motive in the State's failure to subpoena Officer Villareal for trial. The State
informed the trial court at the hearing on its second motion for continuance
that Officer Villareal would be out of the country on the scheduled trial date
and that it had not subpoened the officer for trial. The State repeated these
facts as reasons supporting its motion to dismiss. The failure to subpoena
Officer Villareal may have delayed appellant's trial date, but appellant failed
to rebut the presumption that the State acted in good faith by showing how the
failure to subpoena Officer Villareal resulted in prosecutorial harassment or
that the State was motivated by considerations clearly contrary to the public
interest.
We conclude that the State did not
act in bad faith in moving to dismiss. Therefore, we hold that the trial court
did not abuse its discretion by granting the State's motion to dismiss.
Conclusion
Having overruled appellant's sole
issue, we affirm the trial court's judgment.
 
                                                                   
PER CURIAM
 
PANEL F: GARDNER, J.; CAYCE, C.J.;
and DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 17, 2003