SIEV V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-366-CR

SOPHEAP SIEV APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant Sopheap Siev appeals his conviction for unlawful possession of a firearm by a felon.  In one point on appeal, he claims the trial court abused its discretion by granting the State’s motion to dismiss a prior indictment on the same charge because he alleges the State moved to dismiss the prior indictment in bad faith.  We affirm.

Background

Dallas police officer Alejandro Villareal stopped appellant when he observed appellant driving without wearing a seatbelt.  When Officer Villareal approached the car, he noticed the butt of a handgun protruding from appellant’s waistband.  Officer Villareal then called for backup assistance and drew his service revolver on appellant until Officer Heather McGovern arrived. Appellant, who had a prior felony conviction, was arrested for the offense of unlawful possession of a firearm by a felon. 

On May 17, 2001, the grand jury indicted appellant for the offense of unlawful possession of a firearm by a felon.  The case was originally set for trial on June 21, 2001.  On June 15, the State filed a motion for continuance, asserting that Officer Villareal was not available for trial on June 21.  The State contended that because the trial court had given the State only eight days notice of the trial setting, the State was not able to make arrangements with its witnesses to be available for trial.  The State also represented that it would be filing an amended indictment and that it needed more time to obtain out-of-county documents.  The trial court granted the motion for continuance. 

The trial court granted appellant’s motion for speedy trial and the case was reset for trial on July 9, 2001.  On June 27, the State filed a second motion for continuance.  The State again claimed that Officer Villareal was not available for trial, this time because he would be out of the country on vacation in Belize on the scheduled trial date.  The State represented that Officer Villareal would be the only witness in the State’s case-in-chief and that his testimony was material and necessary.  The State admitted that it had not subpoenaed Officer Villareal for trial.  The trial court denied the second motion for continuance.  

The State subsequently filed a motion to dismiss without prejudice.  The State’s reason for seeking dismissal was that “officers” were unavailable and that because the trial court had denied the State’s motion for continuance, the State would be forced to proceed without essential witnesses.  The trial court granted the State’s motion to dismiss without prejudice on July 9, 2001.

On August 30, 2001, the grand jury reindicted appellant for the same offense.  Appellant filed a motion to suppress, claiming the warrantless search and seizure preceding his arrest were illegal.  Both Officer Villareal and Officer McGovern testified at trial.  On September 4, 2002, the jury convicted appellant and sentenced him to ten years’ confinement.  The trial court entered judgment on the verdict.

Discussion

The code of criminal procedure provides that the State may dismiss a criminal action at any time as long as the judge presiding over the action consents to the dismissal:

The attorney representing the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal.  No case shall be dismissed without the consent of the presiding judge.

Tex. Code Crim. Proc. Ann.
 art. 32.02 (Vernon Supp. 2003); 
see Smith v. State, 
70 S.W.3d 848, 850-51 (Tex. Crim. App. 2002).  The judge’s decision to grant the motion to dismiss is reviewed under the abuse of discretion standard.  
See Ex parte Rusk, 
128 Tex. Crim. 135, 79 S.W.2d 865, 866 (Tex. Comm’n App. 1935, holding approved).

To support his “bad faith” argument, appellant relies on federal case law interpreting a similar statute, which  provides that “[t]he government may, with leave of court, dismiss an indictment, information, or complaint.”  
Fed. R. Crim. P. 
48
; 
United States v. Salinas, 
693 F.2d 348, 350-51 (5
th
 Cir. 1982); 
United States v. Hamm, 
659 F.2d 624, 628 (5
th
 Cir. 1981).  According to those cases, the purpose of the “leave of court” provision is primarily to protect the defendant from prosecutorial harassment.  
Salinas, 
693 F.2d at 351; 
Hamm, 
659 F.2d at 628.   The key factor in determining whether the dismissal is the result of prosecutorial harassment is the government’s good faith or lack thereof in moving to dismiss.  
Salinas, 
693 F.2d at 351.  There is a rebuttable presumption that the government acted in good faith.  
Id. 
at 352.  Thus, the trial court should grant a government motion to dismiss unless it appears the prosecutor is motivated by considerations clearly contrary to the public interest.  
Id. 
at 352-53 (holding trial court erred by granting government’s motion to dismiss because government acted in bad faith in moving to dismiss after jury selected because it disliked jury composition); 
Hamm, 
659 F.2d at 628-29 (holding trial court erred by denying government’s motion to dismiss because government acted in good faith in moving to dismiss based on defendants’ cooperation in providing evidence against leaders of drug-smuggling conspiracy).    

Appellant contends that the State acted in bad faith in moving to dismiss the initial indictment because (1) the State’s assertion that Officer Villareal was an “essential” witness was not supported by affidavit or testimony, (2) the State’s claim that Officer Villareal was the only witness who could attest to “each and every element of the crime” was misleading or false, and (3) the State made no attempt to subpoena Officer Villareal for trial.  

The first two contentions are based on the fact that Officer McGovern also testified at trial.  Officer McGovern testified about what occurred after she responded to the call for back up, but only Officer Villareal could testify about the initial traffic stop and the legality of the subsequent search and seizure.  Thus, even though he was not the sole witness, Officer Villareal was an essential witness.  Furthermore, article 32.02 does not require the State to verify the reasons set forth in the motion to dismiss; therefore, affidavit or live testimony was not necessary to support the State’s conclusion that Officer Villareal’s testimony was essential and necessary to the State’s case.  
See
 Tex. Code Crim. Proc. Ann.
 art. 32.02
.  

Lastly, we discern no improper motive in the State’s failure to subpoena Officer Villareal for trial.  The State informed the trial court at the hearing on its second motion for continuance that Officer Villareal would be out of the country on the scheduled trial date and that it had not subpoened the officer for trial.  The State repeated these facts as reasons supporting its motion to dismiss.  The failure to subpoena Officer Villareal may have delayed appellant’s trial date, but appellant failed to rebut the presumption that the State acted in good faith by showing how the failure to subpoena Officer Villareal resulted in prosecutorial harassment or that the State was motivated by considerations clearly contrary to the public interest. 

We conclude that the State did not act in bad faith in moving to dismiss.  Therefore, we hold that the trial court did not abuse its discretion by granting the State’s motion to dismiss.  

Conclusion

Having overruled appellant’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 17, 2003