NO.
12-06-00378-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§          APPEAL FROM THE 145TH

EX PARTE:

§          JUDICIAL DISTRICT COURT OF

TENIKA BROOKS

§          NACOGDOCHES COUNTY, TEXAS

                                                                                                                                                           


OPINION

            Tenika
Brooks appeals from the trial court’s denial of her pretrial application for
writ of habeas corpus.  In five issues,
she argues that the statute of limitations bars prosecution of a pending
indictment and that the trial court erred when it dismissed a preceding
indictment.  We dismiss for want of
jurisdiction.

 

Background

            A Nacogdoches County grand jury
indicted Appellant for theft on April 28, 2000. 
The indictment alleged that a theft, in the amount of between $20,000
and $100,000,[1] occurred between July 1, 1998 and April 1, 2000.  The matter was set for trial on August 17,
2006.  That day the State moved to amend
the indictment to allege multiple thefts as a part of a continuing course of conduct
instead of a discrete theft.  The trial
court denied the motion to amend.  The
State then moved to dismiss the indictment, alerting the court and Appellant
that it would seek another indictment alleging aggregate theft.  Appellant objected, but the trial court
dismissed the case. 








            A subsequent indictment was filed
the next day alleging an aggregate theft of between $20,000 and $100,000 as
part of a continuing course of conduct. 
Appellant filed a pretrial application for writ of habeas corpus.  The trial court held a hearing and denied
relief.  This appeal followed. 

 

Jurisdiction

            In her first and second issues,
Appellant argues that the first indictment did not toll the statute of
limitations and therefore the present prosecution is barred by the statute of
limitations.  In her third, fourth, and
fifth issues, she argues that the trial court should not have dismissed the
first indictment.  For reasons we will
explain below, we hold that these issues may not be brought on a pretrial application
for writ of habeas corpus.

Tolling of
the Statute of Limitations

            Prosecutions for theft as a felony
must be initiated within five years of the theft.  Tex.
Code Crim. Proc. Ann. art. 12.01(4)(A) (Vernon 2006).  That period of limitations is tolled for the
time that an indictment is pending.  See
Tex. Code Crim. Proc. Ann.
art. 12.05(b) (Vernon 2006).  A prior
indictment tolls the statute of limitations under Article 12.05(b) when the
subsequent indictment alleges the same conduct, same act, or same transaction.  Hernandez v. State, 127 S.W.3d.
768, 774 (Tex. Crim. App. 2004).

            A defendant may challenge an
indictment that, on its face, is barred by the statute of limitations by way of
a pretrial application for writ of habeas corpus.  See Ex parte Smith,
178 S.W.3d 797, 802 (Tex. Crim. App. 2005) (per curiam); Ex parte Tamez,
38 S.W.3d 159, 160 (Tex. Crim. App. 2001). 
If, on the other hand, an indictment alleges that the statute of
limitations is tolled, the sufficiency of that tolling allegation may not be
challenged by a pretrial writ of habeas corpus. 
Smith, 178 S.W.3d at 803. 

Analysis

            The second indictment, the subject
of this appeal, was returned well outside the limitations period for theft and
does not contain a tolling provision. 
Consistent with Smith and Tamez, Appellant
could have complained that the indictment did not contain a tolling allegation
and that, on the face of the indictment, the prosecution was barred by the
statute of limitations.  The trial court
would have had jurisdiction to consider that matter in a pretrial application
for writ of habeas corpus.  See Ex
parte Smith, 178 S.W.3d at 802; Ex parte Tamez, 38 S.W.3d
at 160.

            Instead, Appellant challenged the
sufficiency of the State’s anticipated tolling argument.  As Smith makes plain, the
sufficiency of a tolling allegation may not be raised in a pretrial application
for writ of habeas corpus.  Smith,
178 S.W.3d at 803 (“[A]ny purported defects of form and substance in either the
charge or the tolling paragraph . . . do not destroy a trial court’s power or
jurisdiction to proceed, and they may not be raised by means of a pretrial writ
of habeas corpus.”).  Facially barred
indictments that cannot be repaired have a defect that is incurable, and the
statute of limitations is an absolute bar to prosecution.  Id. at 799, 802.[2]  On the other hand, a reparable indictment or
tolling provision may be amended and any defect repaired.  Id. at 799, 803.  The first is the proper subject of a pretrial
application for habeas corpus, the second is not.  Id. at 804.

            Appellant’s complaint about the
sufficiency of the anticipated tolling provision is not the proper subject of a
pretrial application for habeas corpus.  Id.
at 804.  Furthermore, both the imputed
tolling allegation and the indictment itself are reparable.  Therefore, in accordance with Smith,
178 S.W.3d at 805, we may not address the merits of Appellant’s “interlocutory
appeal claim concerning the sufficiency of the tolling allegation. . . .”  We dismiss Appellant’s first and second
issues for want of jurisdiction. 

Dismissal
of the First Indictment

            As Appellant forthrightly
acknowledges, it has not been determined whether a trial court has jurisdiction
to consider a pretrial application for writ of habeas corpus complaining that a
preceding indictment should not have been dismissed.  We hold that a trial court does not possess
jurisdiction to consider such a claim.

            Generally, an application for writ
of habeas corpus should not be entertained where there is an adequate remedy at
law.  See Ex parte Hopkins,
610 S.W.2d 479, 480 (Tex. Crim. App. 1980); Saucedo v. State, 795
S.W.2d 8, 9 (Tex. App.–Houston [14th Dist.] 1990, no pet.).  Appellant has remedies at law.  She could have appealed the trial court’s
dismissal of the first indictment. 
Furthermore, she can appeal in this case should she be convicted.  The two cases she cites in support of a
pretrial writ are federal cases in which the trial court granted a motion to
dismiss and the government appealed.[3]  These cases do not support raising this issue
in an interlocutory appeal.

            As to whether her remedies at law
are adequate, the recent court of criminal appeals decision in Ex parte
Smith, 178 S.W.3d 797, is instructive. 
In that case, Appellant complained that a tolling provision in an
indictment was insufficient and that the prosecution was barred by the statute
of limitations.  The court held that the
error, if any, was reparable.  The
appellant in that case could have filed a motion to dismiss and if the trial
court agreed, the State would have had an opportunity to amend the
information.  Id. at
799.  That decision could be tested on
appeal.  Id. 803–04.

            This case is the same.  Appellant can file a motion to dismiss or to
quash the indictment alleging that any allegations in the second indictment
were not tolled by the first because it should not have been dismissed.  If the trial court agrees, the State can
amend the second indictment to track the first indictment.  Then it would be as if the dismissal had
never occurred, and Appellant’s motion to dismiss had been sustained. 

            We do not perceive the potential
injury to Appellant from delaying consideration of this issue unless and until
there is a conviction and appeal to be any more proximate or serious than the
danger presented in Smith. 
In each case, the potential for harm presented is predicated on the
trial court’s making an incorrect ruling on a pretrial motion to dismiss that
must be corrected on appeal.  Each case
deals with whether particular allegations are tolled, for which there is an
arguable premise.[4]  We think this
case is sufficiently close to Smith that, in the absence of
authority to the contrary, we must conclude the trial court’s decision to
dismiss the previous indictment may not be raised by a pretrial application for
writ of habeas corpus.  See, e.g.,
Siev v. State, No. 2-02-366-CR, 2003 Tex. App. LEXIS 6689 (Tex.
App.–Fort Worth 2003, no pet.) (mem. op.) (not designated for publication)
(Dismissal of preceding indictment challenged on direct appeal of subsequent
prosecution.).  Therefore, we conclude
that the trial court lacked jurisdiction to consider Appellant’s third, fourth,
and fifth issues in a pretrial application for writ of habeas corpus.  Because the existence of appellate
jurisdiction depends upon the existence of trial court jurisdiction, we are
without jurisdiction to consider these issues on appeal.  See Ex parte Smith, 178 S.W.3d
at 805.

            Even if it were proper to challenge
the dismissal of a preceding indictment in a habeas proceeding brought against
a subsequent indictment, Appellant has not shown that the dismissal of the
indictment was error.  With permission of
the court and consent of the presiding judge, the state may dismiss a criminal
action.  Tex. Code Crim. Proc. Ann. art. 32.02 (Vernon 2006).  There is scant direction as to how to review
a trial court’s granting of the state’s motion to dismiss.  For obvious reasons, few defendants complain
that their case has been dismissed.  

            In the context of an involuntary
dismissal, the court of criminal appeals evaluated the dismissal in terms of an
abuse of discretion.  See State v.
Mungia, 119 S.W.3d 814, 815 (Tex. Crim. App. 2003).  Two courts of appeals have folded federal
case law into this standard and formulated a standard of review with the
following features: 1) the dismissal is proper if the prosecutor acted in good
faith, 2) good faith of the prosecutor is presumed, 3) the trial court
determines if the defendant has rebutted the presumption of good faith, and 4)
the trial court’s decision is reviewed for an abuse of discretion.  See Jackson v. State, No.
04-05-00539-CR, 2006 Tex. App. LEXIS 5126, at *5–6 (Tex. App.–San Antonio 2006,
no pet.) (mem. op.) (not designated for publication); Siev, 2003
Tex. App. LEXIS 6689, at *4–5 (citing Ex parte Rusk, 128 Tex.
Crim. 135, 79 S.W.2d 865, 866 (Tex. Comm’n App. 1935, holding approved)) (abuse
of discretion standard).

            This awkward farrago has the
singular virtue of being accepted by both parties.  The State argues that Appellant has not
rebutted a presumption of good faith. 
Citing United States v. Salinas, 693 F.2d 348, 351 (5th
Cir. 1982), reh’g denied, 701 F.2d 41 (1983) (per curiam), Appellant
argues that the reasons given for dismissal—the State wished to seek aggregate
theft charges and its motion to amend the indictment had been denied—were
contrary to the public interest and not a good faith reason for dismissal.  

            In the federal system, the principal
object of the “‘leave of court’ requirement is apparently to protect a
defendant against prosecutorial harassment, e.g., charging, dismissing,
and recharging, when the government moves to dismiss an indictment over the
defendant's objection.”  See
Rinaldi v. United States, 434 U.S. 22, 30 n.15, 98 S. Ct. 81, 86 n.15,
54 L. Ed. 2d 207 (1977) (per curiam). 
There is no reason to suppose that this is not the motivating force of
the Texas statute, though Professors Dix and Dawson point out that the goal of
the earliest statutes of this kind, and in Texas they can be traced back to at
least 1879, was to prevent “corrupt collusion between the accused and the
prosecutor.”  42 George E. Dix &
Robert O. Dawson, Criminal Practice and Procedure §§ 30.22,
30.27 (2d ed. Supp. 2005).  

            There is no collusion between the
State and Appellant, and we are not persuaded that the State did not act in
good faith in light of Rinaldi. 
It is true that this litigation has lasted for some time.  But Appellant has not sought a speedy trial,
and there is no reasonable rebuttal to the presumption that the State acted in
good faith.  Appellant cites United
States v. Derr, 726 F.2d 617 (10th Cir. 1984), for the proposition that
the government’s being unprepared for trial was not a good faith reason for
dismissal.  The Derr
decision is distinguishable on several grounds. 
First, the ruling in Derr was in favor of the accused and
the review was for an abuse of discretion. 
Id. at 618.  Here,
the trial court ruled against Appellant. 
Second, there was at least the potential in Derr for
harassment by way of cascading indictments. 
The government in that case indicated not only that it was unprepared to
go to trial but also that it wanted to conduct further investigation.  Id. at 619.             By
contrast, the State in this case indicted Appellant anew the day following the
dismissal.  There is still a potential
for harassment, but there is no actual harassment, and Appellant could test the
State’s willingness to go to trial by exercise of her right to a speedy
trial.  That is not to say that the State
enters this analysis with entirely clean hands. 
The State says in a footnote in its brief that this case was inherited
as a six year old case by a newly hired prosecutor who was the first attorney
to do “extensive research into the language of the indictment and any
consequences it would have at trial.” 
But this is not evidence of any intentional prosecutorial harassment,
and the trial court’s implicit decision that the State did not act in bad faith
is not an abuse of discretion.

            We dismiss Appellant’s third,
fourth, and fifth issues for writ of jurisdiction.

 

Disposition

            Having determined that the trial
court lacked jurisdiction to consider the Appellant’s application for a writ of
habeas corpus, we dismiss this appeal for want of jurisdiction.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered June 20, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The original amount alleged was between $100,000 and $200,000.  The State amended the indictment to the
amounts stated on or about July 20, 2006.





[2] In the early part of the decision, the court writes that a defendant
may seek relief when the charging information shows that it is barred and that
the pleading is not reparable.  Smith,
178 S.W.3d at 799.  Later in the
decision, the court states that a pretrial writ of habeas corpus may be used if
the face of the indictment shows that any prosecution is barred by the statute
of limitations because that “defect is incurable and irreparable.”  Id.  Reading these two passages together, we draw
a distinction between facially barred indictments that cannot be properly
amended and those that can be amended. 
We think this is consistent with the court’s reasoning, and we need not
consider it further because Appellant has conceded that the State has a tolling
argument.





[3] The cases cited are United States v. Welborn, 849 F.2d
980 (5th Cir. 1988); United States v. Derr, 726 F.2d 617 (10th
Cir. 1984).





[4] Because the State did not allege a tolling provision in the indictment,
this case has a colorable tolling provision only because Appellant acknowledged
one.