**Ex parte Tenika BROOKS.**

**No. 12–06–00378–CR.**

Court of Appeals of Texas, Tyler.

June 20, 2007.

Discretionary Review Granted Oct. 10, 2007.

E. Matt Hennessy, for Appellant.

Lakesha R. Robinson, Nico Bridgwaters, for State of Texas.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

BRIAN HOYLE, Justice.

Tenika Brooks appeals from the trial court's denial of her pretrial application for writ of habeas corpus. In five issues, she argues that the statute of limitations bars prosecution of a pending indictment and

that the trial court erred when it dismissed a preceding indictment. We dismiss for want of jurisdiction.

## BACKGROUND

A Nacogdoches County grand jury indicted Appellant for theft on April 28, 2000. The indictment alleged that a theft, in the amount of between $20,000 and $100,000,[1] occurred between July 1, 1998 and April 1, 2000. The matter was set for trial on August 17, 2006. That day the State moved to amend the indictment to allege multiple thefts as a part of a continuing course of conduct instead of a discrete theft. The trial court denied the motion to amend. The State then moved to dismiss the indictment, alerting the court and Appellant that it would seek another indictment alleging aggregate theft. Appellant objected, but the trial court dismissed the case.

A subsequent indictment was filed the next day alleging an aggregate theft of between $20,000 and $100,000 as part of a continuing course of conduct. Appellant filed a pretrial application for writ of habeas corpus. The trial court held a hearing and denied relief. This appeal followed.

## JURISDICTION

In her first and second issues, Appellant argues that the first indictment did not toll the statute of limitations and therefore the present prosecution is barred by the statute of limitations. In her third, fourth, and fifth issues, she argues that the trial court should not have dismissed the first indictment. For reasons we will explain below, we hold that these issues may not be brought on a pretrial application for writ of habeas corpus.

---

1. The original amount alleged was between $100,000 and $200,000. The State amended the indictment to the amounts stated on or about July 20, 2006.

### Tolling of the Statute of Limitations

Prosecutions for theft as a felony must be initiated within five years of the theft. TEX.CODE CRIM. PROC. ANN. art. 12.01(4)(A) (Vernon 2006). That period of limitations is tolled for the time that an indictment is pending. *See* TEX.CODE CRIM. PROC. ANN. art. 12.05(b) (Vernon 2006). A prior indictment tolls the statute of limitations under Article 12.05(b) when the subsequent indictment alleges the same conduct, same act, or same transaction. *Hernandez v. State*, 127 S.W.3d 768, 774 (Tex.Crim.App.2004).

A defendant may challenge an indictment that, on its face, is barred by the statute of limitations by way of a pretrial application for writ of habeas corpus. *See Ex parte Smith*, 178 S.W.3d 797, 802 (Tex.Crim.App.2005) (per curiam); *Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim.App.2001). If, on the other hand, an indictment alleges that the statute of limitations is tolled, the sufficiency of that tolling allegation may not be challenged by a pretrial writ of habeas corpus. *Smith*, 178 S.W.3d at 803.

### Analysis

The second indictment, the subject of this appeal, was returned well outside the limitations period for theft and does not contain a tolling provision. Consistent with *Smith* and *Tamez*, Appellant could have complained that the indictment did not contain a tolling allegation and that, on the face of the indictment, the prosecution was barred by the statute of limitations. The trial court would have had jurisdiction to consider that matter in a pretrial application for writ of habeas corpus. *See Ex parte Smith*, 178 S.W.3d at 802; *Ex parte Tamez*, 38 S.W.3d at 160.

Instead, Appellant challenged the sufficiency of the State's anticipated tolling argument. As *Smith* makes plain, the sufficiency of a tolling allegation may not be raised in a pretrial application for writ of habeas corpus. *Smith*, 178 S.W.3d at 803 ("[A]ny purported defects of form and substance in either the charge or the tolling paragraph ... do not destroy a trial court's power or jurisdiction to proceed, and they may not be raised by means of a pretrial writ of habeas corpus."). Facially barred indictments that cannot be repaired have a defect that is incurable, and the statute of limitations is an absolute bar to prosecution. *Id.* at 799, 802.[2] On the other hand, a reparable indictment or tolling provision may be amended and any defect repaired. *Id.* at 799, 803. The first is the proper subject of a pretrial application for habeas corpus, the second is not. *Id.* at 804.

Appellant's complaint about the sufficiency of the anticipated tolling provision is not the proper subject of a pretrial application for habeas corpus. *Id.* at 804. Furthermore, both the imputed tolling allegation and the indictment itself are reparable. Therefore, in accordance with *Smith*, 178 S.W.3d at 805, we may not address the merits of Appellant's "interlocutory appeal claim concerning the sufficiency of the tolling allegation...." We

---

2. In the early part of the decision, the court writes that a defendant may seek relief when the charging information shows that it is barred and that the pleading is not reparable. *Smith*, 178 S.W.3d at 799. Later in the decision, the court states that a pretrial writ of habeas corpus may be used if the face of the indictment shows that any prosecution is barred by the statute of limitations because that "defect is incurable and irreparable." *Id.* Reading these two passages together, we draw a distinction between facially barred indictments that cannot be properly amended and those that can be amended. We think this is consistent with the court's reasoning, and we need not consider it further because Appellant has conceded that the State has a tolling argument.

dismiss Appellant's first and second issues for want of jurisdiction.

### Dismissal of the First Indictment

As Appellant forthrightly acknowledges, it has not been determined whether a trial court has jurisdiction to consider a pretrial application for writ of habeas corpus complaining that a preceding indictment should not have been dismissed. We hold that a trial court does not possess jurisdiction to consider such a claim.

■ Generally, an application for writ of habeas corpus should not be entertained where there is an adequate remedy at law. *See Ex parte Hopkins*, 610 S.W.2d 479, 480 (Tex.Crim.App.1980); *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex.App.-Houston [14th Dist.] 1990, no pet.). Appellant has remedies at law. She could have appealed the trial court's dismissal of the first indictment. Furthermore, she can appeal in this case should she be convicted. The two cases she cites in support of a pretrial writ are federal cases in which the trial court granted a motion to dismiss and the government appealed.[3] These cases do not support raising this issue in an interlocutory appeal.

As to whether her remedies at law are adequate, the recent court of criminal appeals decision in *Ex parte Smith*, 178 S.W.3d 797, is instructive. In that case, Appellant complained that a tolling provision in an indictment was insufficient and that the prosecution was barred by the statute of limitations. The court held that the error, if any, was reparable. The appellant in that case could have filed a motion to dismiss and if the trial court agreed, the State would have had an opportunity to amend the information. *Id.* at

799. That decision could be tested on appeal. *Id.* 803–04.

This case is the same. Appellant can file a motion to dismiss or to quash the indictment alleging that any allegations in the second indictment were not tolled by the first because it should not have been dismissed. If the trial court agrees, the State can amend the second indictment to track the first indictment. Then it would be as if the dismissal had never occurred, and Appellant's motion to dismiss had been sustained.

■ We do not perceive the potential injury to Appellant from delaying consideration of this issue unless and until there is a conviction and appeal to be any more proximate or serious than the danger presented in *Smith*. In each case, the potential for harm presented is predicated on the trial court's making an incorrect ruling on a pretrial motion to dismiss that must be corrected on appeal. Each case deals with whether particular allegations are tolled, for which there is an arguable premise.[4] We think this case is sufficiently close to *Smith* that, in the absence of authority to the contrary, we must conclude the trial court's decision to dismiss the previous indictment may not be raised by a pretrial application for writ of habeas corpus. *See, e.g., Siev v. State*, No. 2–02–366–CR, 2003 Tex.App. LEXIS 6689, 2003 WL 21666604 (Tex.App.-Fort Worth 2003, no pet.) (mem.op.) (not designated for publication) (Dismissal of preceding indictment challenged on direct appeal of subsequent prosecution.). Therefore, we conclude that the trial court lacked jurisdiction to consider Appellant's third, fourth, and fifth issues in a pretrial application for writ of habeas corpus. Because

---

3. The cases cited are *United States v. Welborn*, 849 F.2d 980 (5th Cir.1988); *United States v. Derr*, 726 F.2d 617 (10th Cir.1984).

4. Because the State did not allege a tolling provision in the indictment, this case has a colorable tolling provision only because Appellant acknowledged one.

the existence of appellate jurisdiction depends upon the existence of trial court jurisdiction, we are without jurisdiction to consider these issues on appeal. *See Ex parte Smith*, 178 S.W.3d at 805.

■ Even if it were proper to challenge the dismissal of a preceding indictment in a habeas proceeding brought against a subsequent indictment, Appellant has not shown that the dismissal of the indictment was error. With permission of the court and consent of the presiding judge, the state may dismiss a criminal action. TEX. CODE CRIM. PROC. ANN. art. 32.02 (Vernon 2006). There is scant direction as to how to review a trial court's granting of the state's motion to dismiss. For obvious reasons, few defendants complain that their case has been dismissed.

In the context of an involuntary dismissal, the court of criminal appeals evaluated the dismissal in terms of an abuse of discretion. *See State v. Mungia*, 119 S.W.3d 814, 815 (Tex.Crim.App.2003). Two courts of appeals have folded federal case law into this standard and formulated a standard of review with the following features: 1) the dismissal is proper if the prosecutor acted in good faith, 2) good faith of the prosecutor is presumed, 3) the trial court determines if the defendant has rebutted the presumption of good faith, and 4) the trial court's decision is reviewed for an abuse of discretion. *See Jackson v. State*, No. 04–05–00539–CR, 2006 Tex.App. LEXIS 5126, at *5–6, 2006 WL 1623229, at *1–*2 (Tex. App.-San Antonio 2006, no pet.) (mem.op.) (not designated for publication); *Siev*, 2003 Tex.App. LEXIS 6689, at *4–5, 2003 WL 21666604, at *1–*3 (citing *Ex parte Rusk*, 128 Tex.Crim. 135, 79 S.W.2d 865, 866 (Tex. Comm'n App.1935, holding approved)) (abuse of discretion standard).

■ This awkward farrago has the singular virtue of being accepted by both parties. The State argues that Appellant has not rebutted a presumption of good

faith. Citing *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir.1982), *reh'g denied*, 701 F.2d 41 (1983) (per curiam), Appellant argues that the reasons given for dismissal—the State wished to seek aggregate theft charges and its motion to amend the indictment had been denied—were contrary to the public interest and not a good faith reason for dismissal.

In the federal system, the principal object of the " 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the government moves to dismiss an indictment over the defendant's objection." *See Rinaldi v. United States*, 434 U.S. 22, 30 n. 15, 98 S.Ct. 81, 86 n. 15, 54 L.Ed.2d 207 (1977) (per curiam). There is no reason to suppose that this is not the motivating force of the Texas statute, though Professors Dix and Dawson point out that the goal of the earliest statutes of this kind, and in Texas they can be traced back to at least 1879, was to prevent "corrupt collusion between the accused and the prosecutor." 42 George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure* §§ 30.22, 30.27 (2d ed. Supp.2005).

There is no collusion between the State and Appellant, and we are not persuaded that the State did not act in good faith in light of *Rinaldi*. It is true that this litigation has lasted for some time. But Appellant has not sought a speedy trial, and there is no reasonable rebuttal to the presumption that the State acted in good faith. Appellant cites *United States v. Derr*, 726 F.2d 617 (10th Cir.1984), for the proposition that the government's being unprepared for trial was not a good faith reason for dismissal. The *Derr* decision is distinguishable on several grounds. First, the ruling in *Derr* was in favor of the accused and the review was for an abuse of discretion. *Id.* at 618. Here, the trial

court ruled against Appellant. Second, there was at least the potential in *Derr* for harassment by way of cascading indictments. The government in that case indicated not only that it was unprepared to go to trial but also that it wanted to conduct further investigation. *Id.* at 619.

By contrast, the State in this case indicted Appellant anew the day following the dismissal. There is still a potential for harassment, but there is no actual harassment, and Appellant could test the State's willingness to go to trial by exercise of her right to a speedy trial. That is not to say that the State enters this analysis with entirely clean hands. The State says in a footnote in its brief that this case was inherited as a six year old case by a newly hired prosecutor who was the first attorney to do "extensive research into the language of the indictment and any consequences it would have at trial." But this is not evidence of any intentional prosecutorial harassment, and the trial court's implicit decision that the State did not act in bad faith is not an abuse of discretion.

We dismiss Appellant's third, fourth, and fifth issues for writ of jurisdiction.

### DISPOSITION

Having determined that the trial court lacked jurisdiction to consider the Appellant's application for a writ of habeas corpus, we *dismiss* this appeal for want of jurisdiction.