UNITED STATES of America, Plaintiff-Appellant,

v.

Jacque Kristina DERR, Defendant-Appellee.

No. 83–1176.

United States Court of Appeals, Tenth Circuit.

Jan. 23, 1984.

Frank Michael Ringer, Asst. U.S. Atty., Oklahoma City, Okl. (William S. Price, U.S. Atty., Oklahoma City, Okl., with him on brief), for plaintiff-appellant.

Robert A. Jackson, Oklahoma City, Okl., for defendant-appellee.

Before McWILLIAMS and LOGAN, Circuit Judges, and CHILSON, District Judge.*

* Honorable Hatfield Chilson, Senior United States District Judge for the District of Colorado, sitting by designation.

1. Rule 48(a) provides:

"*By Attorney for Government.* The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment,

LOGAN, Circuit Judge.

The government appeals an order of the district court dismissing an indictment against defendant Jacque Kristina Derr. In May 1980, a federal grand jury indicted defendant on six counts of bank embezzlement, violations of 18 U.S.C. § 656, and on six counts of making false entries in bank accounts, violations of 18 U.S.C. § 1005. On June 23, 1980, the day the trial was to commence, the government moved to dismiss the indictment pursuant to Fed.R. Crim.P. 48(a). The government offered no reasons for its motion to dismiss other than that dismissal would "best meet the ends of justice." Defendant objected, asserting that she was ready for trial and that the government had not alleged any legitimate or compelling reason for dismissing the indictment without prejudice. Without further inquiry, the district court dismissed the indictment without prejudice.

On November 1, 1982, a federal grand jury returned another indictment charging the defendant with the same criminal conduct, six counts of violating 18 U.S.C. § 656 and six counts of violating 18 U.S.C. § 1005. Before the same trial judge who had dismissed the first indictment, defendant moved to dismiss the second indictment. Defendant contended that the trial court erred in dismissing the original indictment without prejudice because the government did not submit any reasons for dismissal. Agreeing with defendant's reasoning, the trial court concluded it had abused its discretion, declaring, "Clearly, if a court cannot exercise its sound discretion without the facts, it must be an abuse of discretion for the court to grant a motion to dismiss without receiving the factual basis therefor." It thereupon dismissed the second indictment.

Except "during" trial, the prosecutor may dismiss an indictment "by leave of court." Fed.R.Crim.P. 48(a).[1] As originally pro-

information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

posed by the Advisory Committee on Criminal Rules, Rule 48(a) allowed a prosecutor to dismiss without leave of court but required that the prosecutor state reasons for seeking dismissal. However, in promulgating the rule, the Supreme Court deleted this requirement and added the requirement that the prosecutor obtain leave of court. *See United States v. Ammidown,* 497 F.2d 615, 620 (D.C.Cir.1973); 3A C. Wright, *Federal Practice and Procedure* § 812 (2d ed. 1982). The government contends that the text of Rule 48(a) and the history of its enactment indicate that the prosecutor need not state reasons for seeking the dismissal of an indictment.

■ We disagree. The primary purpose of the requirement that the prosecutor obtain leave of court is to prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime. *Rinaldi v. United States,* 434 U.S. 22, 29 n. 15, 98 S.Ct. 81, 85 n. 15, 54 L.Ed.2d 207 (1977) (per curiam); *United States v. Ammidown,* 497 F.2d at 620; *United States v. Cox,* 342 F.2d 167, 171 (5th Cir.) (en banc), *cert. denied sub nom. Cox v. Hauberg,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965); *Woodring v. United States,* 311 F.2d 417, 424 (8th Cir.), *cert. denied sub nom. Felice v. United States,* 373 U.S. 913, 83 S.Ct. 1304, 10 L.Ed.2d 414 (1963). Thus, to honor the purpose of the rule, the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision. *United States v. Salinas,* 693 F.2d 348, 352 (5th Cir.1982); *United States v. Ammidown,* 497 F.2d at 620. Furthermore, the trial court's order granting or denying a motion to dismiss an indictment is reviewable for abuse of discretion. *See United States v. Salinas,* 701 F.2d 41, 42 (5th Cir.1983) (per curiam); *United States v. Cowan,* 524 F.2d 504, 513 (5th Cir.1975), *cert. denied sub nom. Woodruff v. United States,* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976). A decision granting a motion to dismiss an indictment without prejudice is no less reviewable after the government secures a second indictment against the defendant. *Cf. United*

*States v. Salinas,* 693 F.2d 348 (5th Cir.1982) (conviction on second indictment reversed because district court had erroneously dismissed original indictment). If the record contains no reasons or facts explaining the trial court's decision, the trial court's decision is effectively unreviewable. We therefore conclude that the district court correctly determined that it abused its discretion when it did not require that the government state reasons for its desire to dismiss the original indictment.

■ Finally, we address the question of whether the court's remedy—dismissing the second indictment, in effect altering the first dismissal to one with prejudice—was appropriate. We conclude that this remedy was proper under the circumstances of this case. In the hearing on defendant's motion to dismiss the second indictment, Assistant U.S. Attorney Michael Ringer explained his position at the time of the earlier motion: "I was dissatisfied with the state of the investigation and the state the charges were in. So, we moved to dismiss for the purpose of continuing the further investigation into the matter." Unless the government could articulate a better reason for dismissal than this, we think that the trial judge would have had to deny the motion considering that it was made over defendant's objection and on the day trial was scheduled to begin. Hence, remanding the case for a determination whether the government had valid reasons for dismissing the original indictment would be fruitless. Moreover, if the trial court had initially ruled correctly and refused to dismiss the original indictment, the government's only alternatives would have been to try a case in which it was obviously unprepared to proceed or to move to dismiss the indictment with prejudice. Thus, we do not regard the trial court's remedy as unduly harsh. Under the circumstances, dismissing the second indictment was the only sanction that would effectuate the primary purpose of Rule 48(a). *See United States v. Fields,* 475 F.Supp. 903, 907 (D.D.C.1979). Accordingly, the decision of the district court is AFFIRMED.