UNITED STATES of America,
Plaintiff–Appellee,

v.

Bernard S. PALOMARES,
Defendant–Appellant.

No. 96–3587.

United States Court of Appeals,
Seventh Circuit.

Argued June 4, 1997.

Decided July 16, 1997.

Andrew B. Baker, Jr., Jon E. DeGuilio (argued), Office of the United States Attorney, Dyer, IN, for Plaintiff–Appellee.

Steven Shobat (argued), Chicago, IL, for Defendant–Appellant.

Before BAUER, WOOD, Jr., and MANION, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

The defendant–appellant, Bernard S. Palomares, previously had been indicted in April 1995 on two counts charging the same conduct as is at issue in the present case. He was charged in the original indictment in count I with knowingly selling a firearm to Donald Anderson, a convicted felon, in violation of 18 U.S.C. §§ 922(d) and 924(a)(2), and in count II with knowingly receiving a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The defendant pled not guilty to both counts before Judge Lozano. However, on November 13, 1995 the government moved to dismiss the indictment without prejudice pursuant to Federal Rule of Criminal Procedure 48(a). Judge Lozano granted the government's motion. Subsequently, in January 1996 the government indicted the defendant the second time. The only count in the new indictment was identical to count I of the dismissed first indictment. The case was reassigned to Judge Moody. Again the defendant pled not guilty and sought to have the second indictment dismissed with prejudice, arguing that the original indictment was wrongly dismissed without prejudice under Rule 48(a).[1] Judge Moody denied the motion and the case proceeded to trial. The defendant was convicted of violating 18 U.S.C. §§ 922(d) and 924(a)(2) and sentenced to twelve months incarceration. This appeal followed, raising only the denial of the defendant's motion to dismiss the second indictment because of its link to the first which Judge Lozano had dismissed on the government's motion.

## I. BACKGROUND

When his trouble began the defendant was employed as a house manager at Kimbrough Center, a state work release facility in Lake County, Indiana. That facility houses certain non-violent felony offenders. The defendant was also an auxiliary police officer for the Gary Police Department. Donald Anderson was one of the Center's inmates in November 1994 serving time for cocaine dealing. The defendant and Anderson became acquainted. In a conversation with the defendant, Anderson explained to him that his home recently had been broken into and he feared for his wife's safety. Anderson asked the defendant to get him a gun. The defendant agreed, and sometime later in the parking lot of the Center, he handed Anderson a 9 mm pistol in exchange for $200. For that transaction the defendant lost his job and was indicted. Anderson was later released from custody and not indicted.

The defendant does not dispute the evidence of his guilt. Rather, he asks us to vacate his conviction on the ground that the district court abused its discretion in not dismissing the second indictment. *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984). The defendant maintains that the district court abused its discretion because the only count in the second indictment tracked count I of the first indictment which had been dismissed although without prejudice. The defendant argues that Judge Moody abused his discretion in not dismissing the second indictment because no reasons for the dismissal without prejudice of the first indictment appeared in the record before Judge Lozano. The reasons subsequently advanced by the government before Judge Moody for the dismissal of the first indictment, the defendant argues, demonstrated the government's bad faith and were contrary to the public interest.

Unfortunately, Judge Lozano granted the government's motion in an off-the-record, in-chambers meeting between government

---

**1.** Fed.R.Crim.P. 48(a) provides in pertinent part that:

The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

counsel and defense counsel. Thus, the government's reasons for dismissing the first indictment without prejudice and the court's reasons for granting the government's motion do not appear. Apparently, neither the court nor counsel for either party saw the need for a transcript of the dismissal proceeding. That lack of a verbatim record of the in-chambers hearing greatly handicaps this court in passing on the question of the district court's possible abuse of discretion. That, however, although not a recommended procedure, is not controlling in the circumstances of this case. The record does contain Judge Lozano's brief Status Conference Memorandum dated November 13, 1995 which states that the "parties jointly requested the dismissal," and that the request was granted. That memorandum does not set out, however, whether the parties agreed that the dismissal would be with or without prejudice. The memorandum would have been clearer had it so stated, but the government's motion, which Judge Lozano allowed, did specify that the dismissal sought was "without prejudice." The defendant was not personally present for the chambers status call when the government's motion was allowed, but his counsel was present. Fed. R.Crim.P.43(c)(3) provides a defendant's presence is not required at a hearing upon only a question of law. Thus, he cannot now complain that had he been present he would have objected to the dismissal without prejudice. However, the arguments of all parties on defendant's own motion to dismiss the second indictment are on the record. That record, although belatedly, includes the government's reasons for the dismissal of the first indictment before Judge Lozano. Judge Moody in denying defendant's motion fully supported his decision with an unpublished memorandum.

## II. DISCUSSION

◼ The core of defendant's argument is that the government dismissed the first indictment in bad faith and for reasons contrary to the public interest. As the defendant correctly notes, Rule 48(a) is intended to check the common law power of prosecutors to enter a *nolle prosequi* before jeopardy attaches and then proceed to reindict the defendant on basically the same charges and evidence. *See United States v. Salinas,* 693 F.2d 348, 350–51 (5th Cir.1982). Defendant correctly argues that the rule's "leave of court" requirement gives the court discretion to determine the propriety of the government's motion to dismiss in order to protect a defendant's rights. *United States v. Olson,* 846 F.2d 1103, 1113 (7th Cir.1988). The court in exercising its discretion must assure the fair administration of criminal justice. *United States v. Strayer,* 846 F.2d 1262, 1265 (10th Cir.1988). The key factors in determining the propriety of the government's dismissal motion are the government's reasons and good faith. *Salinas,* 693 F.2d at 351. The district court may presume the government has acted in good faith, but the government must provide more than conclusory reasons for seeking dismissal. *United States v. Welborn,* 849 F.2d 980, 983 (5th Cir.1988); *Salinas,* 693 F.2d at 352.

◼ Relying on *United States v. Derr,* 726 F.2d 617, 619 (10th Cir.1984), the defendant argues that the district court should have followed *Derr* and dismissed the second indictment because the government there had also failed to present any justifying reasons before moving to dismiss the first indictment. In *Derr,* the Tenth Circuit held that the district court had abused its discretion by failing to require the government to give sufficient reasons before dismissing the first indictment. Therefore that appellate court upheld a second district court's decision dismissing a similar second indictment. The dismissal was viewed as necessary to remedy the first court's error. *Id.* The *Derr* court noted that upon reindictment the government again failed and had given inadequate reasons for its first dismissal explaining only that it had been dissatisfied with the state of its investigation. That would not suffice. The defendant furthermore had objected to the first dismissal, and not joined in the government's dismissal motion as the defendant did in this present case. *Id.*

The Status Call Memorandum, which apart from any lack of justifying reasons, does show that the dismissal was agreed to for whatever unspecified reasons either party

had. That greatly weakens the defendant's argument about the absence of the government's reasons in the record before Judge Lozano. As we explained in *Olson*, 846 F.2d at 1114, the defendant's failure to object to the government's motion to dismiss distinguishes his case from *Derr*. See also *Welborn*, 849 F.2d at 985 (If a defendant does not object to the dismissal, the court may dismiss without prejudice, and the defendant waives the right to object to the government's motives later.). We can also infer from the record in this present case that the defendant, unlike the defendant in *Derr*, was not ready to proceed to trial at the time the government sought to dismiss the first indictment. The defendant's reasons for joining the government's motion, like the government's reasons, are also not on the record. However, less than a week before the dismissal the defendant had sought a continuance based on his claimed need to secure an expert witness and his concern that his third counsel was not prepared for trial.[2] The government objected to the continuance and stated it was ready for trial. The court therefore denied the defendant's motion. It is not unlikely that agreeing to the government's motion only a few days later before trial was one way for the defendant to secure the desired continuance he had been denied, chancing that he might not be reindicted. The government claimed, however, before Judge Moody that it had in fact explained its reasons to Judge Lozano for the dismissal although there had been no record made. Under these circumstances, we cannot say that Judge Lozano abused his discretion in dismissing the first indictment. *Olson*, 846 F.2d at 1114–15.

Before Judge Moody the government belatedly but fully explained its reasons on the record for moving to dismiss the first indictment without prejudice. Unlike the vague and conclusory reasons that the government provided in *Derr*, these reasons were adequate. *Welborn*, 849 F.2d at 985. The defendant argues that these belated reasons

demonstrate, however, that the government dismissed the first indictment in bad faith. In support of this argument he directs our attention to *Salinas*, 693 F.2d 348. In *Salinas*, the court found the dismissal sought by the government to be in bad faith because the government was merely dissatisfied with the jury that had been selected. The reviewing court reversed that conviction on the second indictment because it viewed the government's efforts as improper when the first indictment was dismissed in an attempt "to get a 'better' jury, a jury more to its liking." That court concluded that the government had attempted to use Rule 48(a) to gain a tactical advantage or to escape from a position of less advantage. *Id.*

In this case, based on the government's reasons for the first dismissal, we cannot conclude that the government used Rule 48(a) to gain a tactical advantage. Before Judge Moody, the government explained that at the time of the first indictment, it had problems locating Anderson, its essential witness on count I. The government explained it was prepared to proceed on count II (receipt of a stolen firearm) for which Anderson was not an essential witness. However, the defendant moved to dismiss count II on the basis that the particular facts did not constitute a crime. The government agreed and therefore conceded it had no case on the law under count II.[3] Without its witness for the remaining count I, the government explained, it was unable to proceed. The government furthermore in advance had notified the court and the defendant that it intended to dismiss the indictment because of those difficulties. At the hearing before Judge Moody, the government also fully explained the efforts it had made to find its missing witness, Anderson. The government stated that it had begun its unsuccessful efforts to find Anderson approximately five months before the trial date. At the conclusion of the hearing, Judge Moody denied the defendant's motion to dismiss the second indictment, finding that the government had not acted in

---

2. Over the course of these proceedings the defendant has been represented by four different lawyers.

3. Apparently, the gun sold to the defendant in the undercover sale of the "stolen" firearm was a gun which the police had had in custody just prior to the sale. Thus, the parties believed it had lost its "stolen" character.

bad faith in seeking dismissal without prejudice of the first indictment. The government had had valid reasons for seeking the dismissal, and furthermore the defendant had joined the government in that motion. We cannot say that Judge Moody abused his discretion in allowing the second prosecution to proceed.

## III. CONCLUSION

The government reminds us that when Judge Lozano granted the government's motion to dismiss the first indictment without prejudice, Judge Lozano was well aware of the court's responsibilities under Rule 48(a). In *United States v. Abreu*, 747 F.Supp. 493, 505 (N.D.Ind.1990), aff'd. sub nom. *United States v. Vasquez*, 966 F.2d 254 (7th Cir. 1992), Judge Lozano in his decision had well stated the court's responsibilities:

> This court is not a rubber stamp for the actions of the United States attorney for the Northern District of Indiana, nor for any other party who seeks access to its forum. While the United States attorney is entitled to the presumption that its motions to dismiss are grounded in good faith, *in circumstances where, as here, the court* doubts the applicability of that presumption to the dismissal of an indictment, the United States attorney bears the burden of persuading the court that the reasons for the proposed dismissal are substantial.

We are satisfied that Judge Lozano did not rubber stamp the government's motion in this case. He did not abuse his discretion in granting the government's motion in view of the government's explanations given to him and repeated before Judge Moody. Furthermore the defendant had joined the government's motion. Nor did Judge Moody, therefore, abuse his discretion in not granting defendant's motion to dismiss the second indictment. The government did not violate Rule 48(a) under these circumstances, nor, contrary to defendant's argument, was the public interest abused because of the resulting delay or in any other way. Rather, the appropriate continuation of this case, resulting in a conviction where the evidence of the

defendant's guilt was clear and undisputed, well served the public interest.

AFFIRMED.