BENTON, J.,
dissenting.
The record establishes that George Roe was arrested for these offenses on July 16, 2001. On April 16, 2002, a judge of the general district court found probable cause to certify the charges to the grand jury. The grand jury issued indictments in May 2002. After several continuances, Roe’s trial on those indictments was set to occur five months later on October 3, 2002. An order entered on October 3, 2002 contains the following rulings:
The defendant was not present this day. He was represented by appointed counsel____The Commonwealth was represented ....
On motion of the attorney for the Commonwealth, the Court, having heard the evidence and argument(s) of counsel, DENIES Commonwealth’s motion for a continuance.
The attorney for the Commonwealth moved to dismiss the offense(s) indicated below, which motion the Court granted.
CASE NUMBER
OFFENSE DESCRIPTION AND INDICATOR (F/M)
OFFENSE DATE
CR02-F-1434 Use of a Firearm in the Commission 07/04/01 *250 of Abduction (F)
CR02-F-1435 Shoot Into An Occupied Dwelling 07/04/01 (F)
CR02-F-1436 Possession of a Firearm by a Con- 07/04/01 victed Felon (F)
CR02-F-1437 Abduction (F) 07/04/01
This is not a case where the parties disagree as to the motion that the prosecutor made. Both parties agree that it was a motion “to dismiss.” The parties also agree that the prosecutor made this motion after the trial judge denied the prosecutor’s motion for a continuance. The order unambiguously recites that the “attorney for the Commonwealth moved to dismiss the offense[s].” It does not indicate that the prosecutor’s motion sought entry of nolle prosequi; it does not indicate that the prosecutor provided “good cause” for entry of nolle prosequi. See Code § 19.2-265.3. I would hold that the plain language of the order and the circumstances of this case manifestly establish that the order of dismissal was not a grant of nolle prosequi.
The common law rule in Virginia has long required consent of a judge for entry of nolle prosequi. Anonymous, 3 Va. (1 Va. Cas.) 139, 139 (1803) (holding that the entry of “nolle prosequi” requires the consent of the trial judge); see also Denham v. Robinson, 72 W.Va. 243, 77 S.E. 970, 972 (1913) (discussing Virginia cases). This common law requirement is now codified at Code § 19.2-265.3. Under this statute, a trial judge has discretion to enter a nolle prosequi only for “good cause ... shown.” Id.
The prosecutor did not suggest at trial any basis upon which the judge on October 3, 2002 could have found good cause to order entry of • a nolle prosequi. In fact, as the record demonstrates, the opposite was true — no good cause existed. After the judge dismissed the indictments and the Commonwealth had obtained new indictments, Roe’s attorney represented to the trial judge that the prosecutor sought a continuance of the October 3, 2002 trial because the prosecuting witness was not present. Roe’s attorney said the witness’ *251 absence was “a continuation of [a] pattern and problem.” The prosecutor did not attempt to refute Roe’s attorney’s characterization. Indeed, she said “I don’t have any problem with his representation.” The prosecutor represented that the case had been originally set for trial in June and then rescheduled for August and then to October. The prosecutor also confirmed that in October the prosecutor “asked for the matter to be continued and the Court did not grant the motion, at that time [the prosecutor] made a decision to ask that the case be dismissed.”
The order granted a motion “to dismiss the offenses.” To read the order as granting entry of “nolle prosequi” is to assume facts not in this record.[5] Without any basis, we would *252 have to assume that the trial judge found “good cause” existed and that he exercised his discretion in granting the prosecutor’s motion for nolle prosequi. While denying a continuance for lack of good cause does not seem to preclude in every instance a grant of a motion for nolle prosequi, see Harris v. Commonwealth, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999), the record in this case does not support a conclusion that good cause existed. Unlike in Harris, where “a nolle prosequi provide[d] [the accused] with the benefit of being released from the terms of his bond or from being held in custody,” the record in this case shows no benefit to Roe, who remained in custody, or any other “good cause.” The judge’s ruling denying the continuance and the prosecutor’s failure to make a motion for nolle prosequi manifestly reflect a determination that the prosecutor lacked good cause for the delay and that no good cause existed.
The Commonwealth’s suggestion that the dismissal was constructively a grant of nolle prosequi posits without any factual basis that the judge, who found an insufficient basis to grant the continuance, would have found, if asked, good cause to give instead an unlimited continuance to the prosecutor in the form of a constructive nolle prosequi. This cannot be the case. We cannot read nonexistent facts into the record simply to satisfy the purposes of the Commonwealth. Moreover, as we have held, the statute does not contemplate a “constructive nolle prosequi.” Rea v. Commonwealth, 14 Va.App. 940, 945, 421 S.E.2d 464, 468 (1992).
In United States v. Derr, 726 F.2d 617 (10th Cir.1984), a dismissal with prejudice was found to be proper where the government gave no reason for seeking a nolle prosequi. There, as in this case, when the trial judge denied the motion for a continuance, “the government’s only alternatives would have been to try a case in which it was obviously unprepared to proceed or to move to dismiss the indictment with prejudice.” Id. at 619. As in Derr, the record does not indicate the *253 prosecutor advanced any reasons that would have constituted good cause for granting a nolle prosequi. As the trial judge found in Derr, “ ‘[cjlearly, if a court cannot exercise its sound discretion without the facts, it must be an abuse of discretion for the court to grant a motion to dismiss without receiving the factual basis therefor.’ ” 726 F.2d at 618. As in Derr, the order of dismissal in this case could not be an entry of a nolle prosequi because the record does not establish the prosecutor gave a good cause reason.
I would hold that the order on its face and the facts in this record establish that the dismissal of the indictments was with prejudice. Upon the motion of the prosecutor to dismiss, the trial judge dismissed the indictments and thus barred further prosecution. Therefore, I dissent.

. We need not defer to views of the trial judge, who was not the judge that entered the October 3 order of dismissal. In reaching his decision, the trial judge ruled that whether the indictments were dismissed or merely nolle prosequied "is not [a function of] what [the prosecutor] intended.” In other words, even if the prosecutor intended a dismissal, not nolle prosequi, that is not dispositive. Thus, the trial judge and we are left to discern the plain meaning of the order.
An interpretation of an order is not binding if it is not supported by a plain reading of its language. " 'Although trial courts have discretion to interpret their own orders, that discretion must be exercised reasonably and not arbitrarily or capriciously.’ 'Furthermore, an order must be interpreted within its four comers.’ ” Smoot v. Commonwealth, 37 Va.App. 495, 500, 559 S.E.2d 409, 411-12 (2002) (quoting Rusty’s Welding Service v. Gibson, 29 Va.App. 119, 130, 510 S.E.2d 255, 261 (1999); United States v. Armour & Co., 402 U.S. 673, 682, 91 S.Ct. 1752, 1757-58, 29 L.Ed.2d 256 (1971)). By its plain terms, the order in this case granted the motion "to dismiss the offense[s].” Any other interpretation would take away from the meaning of the words used within the four comers of the order.
In addition, a review of the trial judge’s mling clearly discloses that he did not place an interpretive gloss on the order. He ruled that the judge who entered the order lacked "power to dismiss a case on the Commonwealth’s motion.” He explained his mling as follows:
I find that the Court had no power under the circumstances presented on October 3, 2002 to dismiss the case with prejudice. It only had the power to dismiss on a motion to nol pros, which may well and it appears to have been phrased in the term motion to dismiss by the prosecutor in court that day.
As I read the law the only power the Court has is to grant a motion to nol pros at that time. That’s the way I interpret the order.
The issue of the judge's power is not a ruling grounded in an interpretation of the language found within the body of the order. Thus, I would *252 hold that the trial judge’s ruling is not based on a review of the order itself and, thus, is not binding on this appeal.