[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 05-16488

_____

D. C. Docket No. 04-20487-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY COLLINS,
a.k.a. Antman,
GARY K. WILSON,
a.k.a. G,
CHARLES WOOTEN,
a.k.a. Woo,

Defendants-Appellants,

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(November 14, 2008)**

Before TJOFLAT and BLACK, Circuit Judges, and EVANS,* District Judge.

_____

*Honorable Orinda Evans, District Court Judge for the Northern District of Georgia, sitting by designation.

EVANS, District Judge:

Anthony Collins, Gary K. Wilson and Charles Wooten appeal their convictions in the Southern District of Florida on various counts of a five-count superseding indictment involving drug-related charges and a charge of conspiracy to commit robbery and extortion in violation of the Hobbs Act, 18 U.S.C. § 1951(a).[1]

Wooten and Wilson challenge several pretrial rulings by the district court. Collins raised a sufficiency of the evidence claim. Wooten also appeals his sentences. For the reasons that follow, we affirm the district court's rulings in toto.

On appeal Wilson challenges the district court's denial of his motion to dismiss the superseding indictment. Wilson argues that the Government acted in bad faith in dismissing the original indictment in the face of his pending motion to dismiss it. We review the district court's denial for abuse of discretion. United

---

[1]All three appellants were indicted for conspiring to possess with the intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base from about January 1994 to about October 2003, in violation of 21 U.S.C. § 846 (Count I); conspiring to obstruct commerce by robbery (of money and cocaine) and extortion from on or about October 17, 2003, through on or about October 19, 2003, in violation of 18 U.S.C. § 1951(a) (Count II); and attempting to possess with intent to distribute five kilograms or more of cocaine in connection with the offense charged in Count II, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count III). Wooten was also indicted on two additional counts: Count IV charged Wooten with carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, as set forth in Counts I-III, in violation of 18 U.S.C. § 924(c)(1)(A)(i); Count V charged Wooten with possessing a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Collins was acquitted on Count I but was found guilty on Counts II and III. Wilson was convicted of Counts I, II and III. Wooten was convicted on all five counts.

States v. Jordan, 316 F.3d 1215, 1248-49 (11th Cir. 2003). In assessing whether the Government acted in bad faith, the Court looks to the "the propriety or impropriety of the Government's efforts to terminate the prosecution–the good faith or lack of good faith of the Government in moving to dismiss." United States v. Salinas, 693 F.2d 348, 351 (5th Cir. 1983). There is, however, a presumption that the Government acted in good faith. Id. at 352. Wilson has offered no evidence to rebut this presumption and has certainly failed to demonstrate that the district court abused its discretion. The cases Wilson cites are factually distinguishable. In Salinas the government dismissed the case after the jury was sworn; the government was dissatisfied with the jury. In United States v. Derr, 726 F.2d 617 (10th Cir. 1984), the prosecutor dismissed the indictment without prejudice on the day of trial, citing dissatisfaction with the state of his case. Here, the dismissal occurred months before the trial. Accordingly, we reject Wilson's argument and affirm the district court's denial of his motion to dismiss.

Wilson and Wooten contend that the Government violated 18 U.S.C. § 2517(5) by disclosing to the grand jury intercepted communications relating to the October 18, 2003, kidnaping that formed the basis of the Hobbs Act charge. The Government did not obtain the district court's permission before making the disclosure. Over the objections of several defendants, the district court adopted

3

the magistrate judge's recommendation that co-defendant Green's motion to dismiss should be denied. We review for abuse of discretion the district court's refusal to dismiss the superseding indictment on the basis of an alleged violation of this statute and affirm. Jordan, 316 F.3d at 1248-49. To the extent any violation occurred, it was subsequently cured when the Government dismissed the original indictment, obtained the required authorization and subsequently presented the intercepted communications to a new grand jury. The district court did not abuse its discretion in finding that Wilson and Wooten suffered no prejudice.

Next, Wilson and Wooten argue that the district court erred by refusing to suppress evidence obtained through the wiretap of Wilson's telephone ("Wilson wiretap"). They argue that the Government failed to demonstrate the necessity of the Wilson wiretap as required under 18 U.S.C. § 2518(1)(c). This statute requires that wiretap applications include a "full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous . . . ." 18 U.S.C. § 2518(1)(c). The purpose of this statute is to ensure that wiretapping is not resorted to in situations in which traditional investigative techniques would

suffice to expose the crime.[2]  "The affidavit need not show a comprehensive exhaustion of all possible techniques, but must simply explain the retroactive or prospective failure of several investigative techniques that reasonably suggest themselves."  United States v. Van Horn, 789 F.2d 1492, 1496 (11th Cir. 1986).  Whether the Government satisfied 18 U.S.C. § 2518(1)(c) is reviewed de novo.  The Court reviews the denial of a motion to suppress as a mixed question of law and fact, with the rulings of law reviewed de novo and the findings of fact reviewed for clear error, in the light most favorable to the prevailing party.  United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).

Wilson and Wooten's primary argument is that the failure of traditional investigative techniques which served to demonstrate the necessity of the wiretap of co-defendant Ross could not be used to demonstrate the necessity of the subsequent Wilson wiretap.  Wilson and Wooten maintain that the Government's application for the Wilson wiretap was misleading because it recited the failure of traditional investigative techniques which had been used earlier to justify the Ross wiretap without specifying that they were the same investigative efforts.  Finally, they allege that the Government's stated reason for the Wilson wiretap---to learn

---

[2]Traditional investigative techniques include: physical surveillance, cooperating witnesses, informants, controlled drug purchases, pen registers and trap and trace devices.

the identity of a cocaine supplier referred to only as "G"---was also misleading because the Government allegedly already knew "G" to be Gary Wilson. The Court finds these arguments unpersuasive. The investigation of "G" arose from the investigations of Ross and other associates. In applying for the Wilson wiretap, the Government was entitled to consider the lessons learned from its earlier investigation of "G"'s associates. Moreover, this Court is not persuaded that the Government had confirmed the identity of "G" prior to seeking the Wilson wiretap. Finally, the application for the Wilson wiretap was not misleading because the failure of traditional investigative techniques prior to the application for the Ross wiretap was relevant to the application for the Wilson wiretap. We accordingly affirm the district court's ruling.

Wooten also alleges the existence of a material variance between the indictment and the evidence presented at trial. The nature of review of this claim is similar to a sufficiency of the evidence challenge and is reviewed de novo. United States v. Gil, 204 F.3d 1347, 1349 (11th Cir. 2000). A variance between the offense charged and the evidence offered at trial does not require reversal unless the variance is material and substantially prejudiced the defendant. United States v. Matthews, 168 F.3d 1234, 1244 (11th Cir. 1999). "In determining whether any variance was material, we view the evidence in a light most favorable

to the government and inquire whether a reasonable jury could have determined beyond a reasonable doubt that a single conspiracy existed." Id. Here, the evidence at trial was sufficient to establish that "Wilson and [co-defendant] Green were partners and the hub of a cocaine-distribution organization that operated from 1994 to October 2003 in Liberty City, Florida," and that "Wooten joined the conspiracy in about 1996 . . . ." (Gov. resp. at 51). Moreover, the evidence at trial also showed that "[a]lthough the organization operated on two fronts, Wilson and Green maintained direct contacts with each other, and Green continued to maintain a presence" in Miami. Id. at 51-52. Accordingly, we affirm.

Next, Collins maintains that the evidence was insufficient to sustain his convictions. Challenges to the sufficiency of the evidence are reviewed de novo. United States v. McCrimmon, 362 F.3d 725, 728 (11th Cir. 2008) (internal citations omitted). The evidence is viewed in a light most favorable to the Government to determine whether a rational jury could have found the defendant guilty beyond a reasonable doubt. Id.

Collins was acquitted of Count I, charging a broad conspiracy from January 1994 through October 2003 to possess with the intent to distribute cocaine and cocaine base. He was convicted of Count II, charging a Hobbs Act violation relating to the October 18, 2003 kidnaping. In a special verdict form the jury

expressly found that the purpose of the kidnaping was to obtain money but not cocaine. Collins was also convicted of Count III, which charged him with attempting to possess with intent to distribute five kilograms or more of cocaine on October 18, 2008.

On appeal, Collins argues that his conviction on Count II required proof that the proceeds were related to cocaine and that he knew of the relationship. Collins contends that absent such a showing, there cannot exist the requisite effect on interstate commerce. Collins adds that the alleged absence of proof that he knew the money was related to cocaine is bolstered by the jury's express finding that the Hobbs Act violation was to obtain money but not cocaine. In addition, Collins challenges his conviction on Count III, which charged him with attempt to possess cocaine with the intent to distribute on October 18, 2003, the date of the kidnaping forming the basis of the Hobbs Act violation. Collins argues that inconsistency between the jury's special verdict on Count II and the verdict on Count III requires dismissal of Count III.

Both arguments fail. The Government presented sufficient evidence to allow a reasonable jury to determine that the money was related to cocaine. The Government did not have to prove that Collins knew the money was related to cocaine. More to the point, there was enough evidence to satisfy the interstate

component of the Hobbs Act. This Court has recently held that even a potential impact on interstate commerce is sufficient to support a Hobbs Act violation. See United States v. Taylor, 480 F.3d 1025, 1027 (11th Cir. 2007) (internal quotations and citations omitted). Moreover, Collins' "inconsistency challenge"-that is, that the jury's special finding on Count II prevented his conviction on Count III–must also be rejected as the United States Supreme Court foreclosed such attacks on inconsistent verdicts in United States v. Powell, 469 U.S. 57 (1984).

Finally, Wooten challenges his sentencing by arguing that the factual findings made by the district court judge rather than by a jury violated his Fifth and Sixth Amendment rights. This Court reviews constitutional challenges de novo and will reverse his sentences only upon a finding of harmful error. United States v. Pope, 461 F.3d 1331, 1333-34 (11th Cir. 2006). The district court made a number of factual findings. It found Wooten responsible for thirty-seven kilograms of cocaine. Second, Wooten's offense level was enhanced two levels on the district court judge's finding that the victim was restrained during the commission of the Hobbs Act violation. Third, the district court found that Wooten had a prior felony drug conviction. These determinations were factored into Wooten's sentencing guidelines. However, there was no requirement that these determinations be made by a jury rather than by the Court. Unlike the

9

unusual situation presented in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), here Wooten's sentences on each of the five counts were well within the statutory maximums.  Thus, there was no constitutional violation.  We affirm Wooten's sentences.

In conclusion, after oral argument and careful review, we reject all challenges by Collins, Wilson and Wooten.  Their convictions are AFFIRMED. Wooten's sentences are AFFIRMED.