UNITED STATES of America, Appellee,

v.

Edward John MENDENHALL, Appellant.

No. 78–1909.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1979.

Decided May 2, 1979.

**640**

Donald L. Wolff of Wolff, Frankel & Passanante, Clayton, Mo., argued and on brief, for appellant.

Timothy J. Wilson, Asst. U. S. Atty., St. Louis, Mo. (argued), and Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief for appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Edward John Mendenhall appeals from his conviction for violation of 18 U.S.C. § 1343, fraud by wire, radio or television. He argues that the District Court erred in overruling his motions to dismiss a superseding indictment and to suppress certain taped telephone conversations. He also argues that there is insufficient evidence to support the verdict. We affirm.

In late July or early August, 1978, Mendenhall telephoned Charles Rosene, a former part-time employer, and told him about a plot to steal a United States Navy nuclear submarine. Mendenhall stated that he wanted Rosene's assistance in selling the submarine for $200 million. Rosene immediately contacted the St. Louis Police who relayed the information to the FBI. The FBI persuaded Rosene to find out more about the plan. On August 10, 1978, Rosene called Mendenhall at his residence in New York. During this call, Mendenhall told Rosene that the submarine to be stolen was the U.S.S. Trepang and that it would be stolen with the assistance of James Cosgrove, a former Navy yeoman. Mendenhall also told Rosene that he would have to provide advance money for supplies and other expenses for the preparation and execution of the plan. Rosene told Mendenhall that there would be no advance money unless he could see a workable plan. The FBI recorded this telephone conversation with Rosene's consent. On August 11, 1978, Rosene called Mendenhall again. Mendenhall indicated that he and Cosgrove were working on a plan and that advance money was needed for its execution. This telephone call was also recorded by the FBI with Rosene's consent.

On September 15, 1978, Mendenhall and Cosgrove went to St. Louis to meet Rosene. At a meeting between the parties, Mendenhall presented a written outline of the plan and a supply list. He also stated that he

needed $25,000 to $30,000 advance money from Rosene. Another meeting was held on October 4, 1978, where Mendenhall repeated his request for advance money. Mendenhall was arrested shortly after the second meeting.

Mendenhall was originally indicted on November 2, 1978, for conspiracy to steal public property in violation of 18 U.S.C. § 641. On December 6, 1978, the government filed a superseding indictment which alleged that the plot to steal the submarine was a fraudulent scheme devised to obtain the advance money from Rosene. Mendenhall argues that under Fed.R.Crim.P. 48(a), the government could not charge a completely new and different offense in the superseding indictment based on the events leading up to the original indictment, but could only charge an identical or similar offense. He contends that the superseding indictment does not charge a similar offense because the original indictment alleged an intent to steal the submarine, whereas the superseding indictment alleged that the plot to steal the submarine was a fictitious device used to further the fraud.

■ We disagree. Under Fed.R. Crim.P. 48(a), a prosecutor is normally free to dismiss one indictment and bring another based on further development of his case. *United States v. Evers,* 552 F.2d 1119, 1123 (5th Cir. 1977). The dismissal of the original indictment at the government's request prior to trial did not bar further prosecution for the criminal acts which it described. *See DeMarrias v. United States,* 487 F.2d 19, 21 (8th Cir. 1973), *cert. denied,* 415 U.S. 980, 94 S.Ct. 1570, 39 L.Ed.2d 877 (1974).

■ Mendenhall also argues that the tape recordings of his telephone conversations with Rosene should have been suppressed because the recording device on Rosene's telephone was not authorized by a search warrant. We stated in *United States v. McMillan,* 508 F.2d 101, 104 (8th Cir. 1974), *cert. denied,* 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975):

It is now well settled that a defendant's Fourth Amendment rights are not violated when the defendant's conversations with a government informant are electronically monitored by a government agent with the consent of the informant.

Rosene gave his consent to record the conversations. Mendenhall does not argue that the consent was not freely and voluntarily given. *See United States v. Wallace,* 597 F.2d 641 (8th Cir. 1979). Thus, we conclude that the District Court did not err in denying the motion to suppress.

■ Mendenhall finally argues that there was insufficient evidence to sustain the conviction. He contends that the government failed to show an intent to defraud. We do not agree. Kurtis Schmidt, an accomplice of Mendenhall's, testified that Mendenhall stated that his true intention was to get the advance money and then flee to Toronto, Canada.

The judgment is affirmed.