887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gobel Lee NEWSOME, Defendant-Appellant.
 No. 89-5173.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges and JAMES HARVEY, Senior United States District Judge.*
 PER CURIAM:
 
 
 1
 The defendant, Gobel L. Newsome, was indicted by a grand jury in the Western District of Kentucky on three counts of possession of firearms by a convicted felon in violation of 18 U.S.C. Sec. 1202(a)(1). Newsome was arraigned and the government provided some initial discovery. The government provided subsequent further discovery including copies of the tapes of two taped conversations.
 
 
 2
 Newsome's counsel then orally advised the district court that he intended to file a motion to suppress, and he contacted the Assistant U.S. Attorney handling the case to inquire whether the government intended to use at trial the tape recordings that had been provided to him and to ask about the existence of any other tape recordings from the date of January 21, 1985. The Assistant U.S. Attorney advised counsel that he did not intend to use any tapes at trial and that the equipment malfunctioned on January 21, 1985, so that no recording was made. Defense counsel accordingly withdrew his motion to suppress, and the district court converted the scheduled suppression hearing to a date to discuss further proceedings in the case.
 
 
 3
 Newsome's counsel stated that there was no evidence arguably subject to suppression and requested any additional exculpatory evidence and the criminal record of a potential government witness, Frank Manning. The government stated that it did not intend to introduce any tapes in its case-in-chief at trial and again stated that no tape was made of the conversation on January 21, 1985. The government informed the district court and defense counsel, however, that it intended to present a superseding indictment at the next grand jury meeting on April 6, 1987.
 
 
 4
 On April 14, 1987, the United States filed for an entry of an order of dismissal pursuant to Rule 48(a) of the Fed.R.Crim.P., requesting the district court to dismiss the original indictment on the grounds that the government intended to present the previously discussed superseding indictment. The district court signed the order of dismissal on April 15, 1987.
 
 
 5
 On April 20, 1987, the superseding indictment was presented to and returned by the grand jury and then filed with the district court, charging Newsome with the similar three counts of violating 18 U.S.C. Sec. 1202(a)(1). The indictment included expanded time periods during which Newsome possessed the firearms charged and substituted a prior felony conviction for one that had been in the original indictment to cover the expanded period. The government states that it provided defense counsel with further discovery regarding the expanded charges, but there is dispute about whether the government furnished full discovery of tapes.
 
 
 6
 Disputes continued concerning continuances and whether the government had complied with discovery requirements. Ultimately a mistrial was declared, and Newsome pursued an appeal to this court contending that principles of double jeopardy should bar any retrial. In an opinion filed June 28, 1988 (No. 87-6148) we held that while the prosecution was subject to censure for its performance in this case (and its oversights and withholding of tapes concerning discovery), there was no "deliberate attempt to force a mistrial," and we could not say that there was "overreaching," and in the absence of demonstrated prejudice, there was no "barrier to reprosecution."
 
 
 7
 The government is normally free to dismiss one indictment and bring another indictment based on further development of the case under Fed.R.Crim.P. 48(a). United States v. Mendenhall, 597 F.2d 639, 641 (8th Cir.1979). Newsome contends that the government's failure to provide details in the written motion to dismiss beyond advising that a superseding indictment would be sought is insufficient and requires dismissal with prejudice and a finding of violation of the requirement of a speedy trial. The defendant, however, must make a showing of bad faith or demonstrate prejudice to his ability to attack the prosecutor's motives because of the trial court's failure to require submission of adequate reasons.
 
 
 8
 Subsequent to arraignment of the defendant on the original indictment, the government obtained information that Newsome possessed one of the firearms charged in Count Two of the indictment in October 1981, when he was involved in a shooting. Newsome was a convicted felon at that time, but the conviction which preceded the shooting was not contained in the original indictment. In order to add this conviction to support an expanded time period during which defendant possessed firearms as charged in Counts Two and Three, the superseding indictment was sought.
 
 
 9
 Newsome relies primarily upon United States v. Derr, 726 F.2d 617 (10th Cir.1984) and United States v. Salinas, 693 F.2d 348 (5th Cir.1982), in which subsequent indictments were dismissed with prejudice on the grounds that the government had given insufficient reasons for dismissing the prior indictments. These cases are easily distinguishable, however, in that the government's behavior was far more dilatory and egregious. In Salinas, for example, the government attorney admitted that he dismissed the earlier charges only because he was dissatisfied with the jury that had been empaneled. 693 F.2d at 350. The Fifth Circuit stated:
 
 
 10
 Although the burden of proof is not on the prosecutor to prove that the dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons--reasons that constitute more than "a mere conclusory interest."
 
 
 11
 Id. at 352 (footnotes omitted). The court of appeals specifically found that the defense had presented sufficient evidence to overcome the presumption that the government had made the motion to dismiss the indictment in good faith. Id. at 353.
 
 
 12
 In Derr, the United States moved to dismiss the indictment on the day of trial, stating only that dismissal would "best meet the ends of justice." 726 F.2d at 618. Without much inquiry, the district court granted the motion, and a subsequent indictment was not handed down until two and a half years later. Id. Relying mainly on Salinas, the Tenth Circuit reasoned that in order to prevent government harassment of the defendant, "the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." Id. (citations omitted). The Tenth Circuit recently observed in the course of rejecting a similar motion in United States v. Stayer, 846 F.2d 1262, 1266 (10th Cir.1988):
 
 
 13
 Derr did not mandate dismissal of subsequent indictment; we merely determined that the trial court did not abuse its discretion in granting the motion to dismiss. In addition, our holding on the remedy in Derr was clearly limited to its particular facts and circumstances.
 
 
 14
 These cases merely establish that dismissal of a prior indictment without dismissing the case will be upheld as long as the record contains sufficient reasons to enable review and the government is not guilty of bad faith. We cannot say that mishandling and sloppy discovery practices here equate to bad faith.
 
 
 15
 In this case, the United States' reasons for seeking dismissal of the original indictment were fully explained before the district court at the hearing on Newsome's motion to dismiss the subsequent prosecution with prejudice. The record is likewise clear that defense counsel was fully aware of the government's intentions and attempts to procure the superseding indictment prior to the first trial setting. There is no impropriety in the government superseding the original indictment to increase the prosecution's chances of conviction by adding another factual element to the case. Mendenhall, 597 F.2d at 641. We conclude, therefore, that it was not an abuse of discretion for the district court to dismiss the original indictment and allow the prosecution of Newsome to continue. There was likewise no demonstrated failure to comply with speedy trial requirements.
 
 
 16
 We need not elaborate further concerning the discovery disputes in this case. At the retrial defendant was afforded the opportunity to attack and to counter, or even to utilize, any of the tapes involved in the investigation of these firearms charges. The prior panel of this court discussed these circumstances fully.
 
 
 17
 We find no demonstrated speedy trial violation in this record, nor has defendant demonstrated other reversible error.
 
 
 18
 Accordingly, we AFFIRM the convictions.
 
 
 
 *
 The Honorable James Harvey, Senior United States District Judge for the Eastern District of Michigan, sitting by designation