# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2937

———————————————

United States of America

*Plaintiff - Appellee*

v.

Gage Rupp

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: December 18, 2020
Filed: April 21, 2021

——————————

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

——————————

LOKEN, Circuit Judge.

In October 2017, Derrick Ford drove Gage Rupp and Cedric Wright to a Sprint store in a stolen vehicle and waited in the car while Rupp and Wright robbed the store of $37,000 in cash and merchandise. After the three men moved from the stolen car to Ford's van, police stopped the van and arrested them, finding in the van a firearm, the stolen merchandise, and clothing worn during the robbery. On March 7, 2018, a grand jury indicted Rupp and Wright for possession of a firearm in violation of 18

U.S.C. §§ 922(g)(3) and (9), interference and attempted interference with commerce by threats of violence in violation of 18 U.S.C. §§ 2, 1951 (Hobbs Act robbery), and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Wright was also charged with carjacking the stolen car.[1]  A first superseding indictment that is not at issue was filed on April 15.

Counsel exchanged e-mails in early May discussing a possible plea agreement. Rupp proposed pleading guilty to the robbery charge only. The prosecutor advised the government was considering dismissing the firearm charges but may later reinstate them. On May 8, Rupp filed a notice of intent to plead guilty to the Hobbs Act charge, leaving the firearm charges unresolved. On May 10, the government filed a second superseding indictment removing the firearm charges against Rupp and adding Ford as a third defendant in the Hobbs Act robbery count. On May 15, Rupp pleaded guilty to the Hobbs Act charge; the court accepted his plea on May 22. On July 11, the government filed a third superseding indictment reinstating the firearm charges against Rupp and a Hobbs Act conspiracy charge against Rupp and Wright. On August 8, Rupp moved to dismiss the firearm charges, alleging prosecutorial abuse in inducing Rupp to plead guilty to Hobbs Act robbery and then reinstating the firearm charges.  That same day, the government filed a fourth superseding indictment that made no substantive change to the third.

The magistrate judge[2] held a hearing on the motion to dismiss and issued a Report and Recommendation on October 24, concluding that the government should

---

[1]After Cedric Wright pleaded guilty to Hobbs Act robbery charges, a jury convicted him of carjacking in violation of 18 U.S.C. § 2119(1) and felon in possession and § 924(c) firearm charges. An appeal of his conviction and sentence was recently decided. See Eighth Circuit No. 19-3190.

[2] The Honorable Kelly K.E. Mahoney, Chief Magistrate Judge of the United States District Court for the Northern District of Iowa.

have moved to withdraw the firearm counts under Rule 48(a) of the Federal Rules of Criminal Procedure but the motion to dismiss should be denied because the government did not act in bad faith and Rupp suffered no prejudice. On November 2, with Rupp's objections to the Report and Recommendation pending, he pleaded guilty to the § 924(c) firearm charge in the fourth superseding indictment and filed a Reservation of Rights to appeal the court's decision on his motion to dismiss "if denied." See Fed. R. Crim. P. 11(a)(2). The district court[3] accepted the plea on November 6. On January 3, 2019, the court denied Rupp's motion to dismiss, agreeing that the government did not act in bad faith or with intent to harass, and that Rupp had not shown prejudice because (i) he did not seek to withdraw his plea to the Hobbs Act robbery, and (ii) had the government made a request under Rule 48(a) for leave to dismiss the firearm charges when it filed the second superseding indictment, the reason it later provided -- inability to locate an essential witness, Ford -- meant the request "likely would have been granted."

The court sentenced Rupp to 144 months imprisonment including a consecutive sentence of 60 months for the § 924(c) firearm offense. Rupp timely appealed, arguing the district court erred in denying his motion to dismiss the § 924(c) firearm charge because of prosecutorial misconduct, and he was prejudiced by that error. We review the denial of a motion to dismiss an indictment for abuse of discretion. United States v. Darden, 688 F.3d 382, 387 (8th Cir. 2012), cert. denied, 569 U.S. 1038 (2013). "Where a defendant alleges prosecutorial misconduct, dismissal of the indictment is proper only when the defendant demonstrates flagrant misconduct and substantial prejudice." Id. (citation omitted). For the reasons that follow, we affirm.

---

[3] The Honorable Leonard Strand, Chief Judge of the United States District Court for the Northern District of Iowa.

# I.

The issue Rupp reserved for appeal is whether the district court committed prejudicial error in denying his motion to dismiss a § 924(c) firearm charge the government had dropped in the second superseding indictment, a motion that was pending when Rupp pleaded guilty to that charge in the fourth superseding indictment. In his Brief in Support of the motion to dismiss filed in the district court, Rupp argued, as he does on appeal, that, to obtain leave of court to dismiss an indictment under Rule 48(a), the government must have "a reasonable justification for dismissal and reindictment, otherwise reindictment is prosecutorial abuse." Rupp cites no authority supporting that proposition when the alleged dismissal is by superseding indictment, and we have found none.

Rule 48(a) provides that, prior to trial, "[t]he government may, with leave of court, dismiss an indictment." Although "leave of court" was added to the Rule without explanation, its principal purpose "is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the government moves to dismiss an indictment over the defendant's objection." Rinaldi v. United States, 434 U.S. 22, 29 n.15 (1977). Rule 48(a) places no restriction on the government's authority to modify charges contained in an indictment by filing a superseding indictment, and the Rule sheds no light on the effect filing a superseding indictment has on the indictment being superseded.

It is well established, at least in this circuit, that "[a]n original indictment remains pending prior to trial, even after the filing of a superseding indictment, unless the original indictment is formally dismissed." United States v. Yielding, 657 F.3d 688, 703 (8th Cir. 2011), (citing Rule 48) cert. denied, 565 U.S. 1262 (2012); see United States v. Walker, 363 F.3d 711, 715 (8th Cir. 2004) ("the district court correctly held that the superseding indictment and the original indictment can co-exist," citing cases from other circuits). As the First Circuit stated in United States

-4-

v. Vavlitis, 9 F.3d 206, 209 (1st Cir. 1993), "the grand jury's return of a superseding indictment does not void the original indictment. . . . Both indictments in this case remained valid until the district court granted the government's motion to dismiss the superseding indictment." The Ninth Circuit explained the principle in United States v. Hickey, 580 F.3d 922, 929-30 (9th Cir. 2009), cert denied, 559 U.S. 1070 (2010): "The requirement that the government obtain leave of the court to dismiss would be superfluous if the government could, in effect, dismiss a charge by simply omitting it from a subsequent indictment. . . . Either the charges remain pending or they have been dismissed, and the only way for the government to achieve dismissal is via leave of the court, which did not occur here."

In arguing "there must be a reasonable justification for dismissal and reindictment, otherwise reindictment is prosecutorial abuse," Rupp relies on our decision in United States v. Feldhacker, 849 F.2d 293, 295 (8th Cir. 1988), where the defendant argued that his indictment should be dismissed because the government "illegally initiated grand jury proceedings after it had dismissed a previous case." We rejected the argument that the grand jury could not further investigate because, "absent prosecutorial abuse, a defendant does not obtain immunity from prosecution simply because the prosecution has previously dismissed an indictment which described the criminal acts at issue." Id.; see United States v. Mendenhall, 597 F.2d 639, 641 (8th Cir.) ("The dismissal of the original indictment at the government's request prior to trial did not bar further prosecution for the criminal acts which it described."), cert denied, 444 U.S. 855 (1979). We concluded in Feldhacker there was no prosecutorial abuse because "suppression of [the defendant's] confession clearly constitutes a change in circumstances which justifies re-indictment after a dismissal." Id. We did not consider the effect of a superseding indictment on a prior indictment that was not dismissed. Nor did we hold, as Rupp asserts, that the filing of a superseding indictment that removes a charge in the original indictment is a "dismissal" of the removed charge. In Feldhacker, the prior charge was dismissed, obviously with leave of court granted under Rule 48(a). The issue was whether the

government in securing a new indictment had "violated the spirit of [Rule] 48(a)" by committing "prosecutorial harassment" in "charging, dismissing, and recharging." Id., quoting Rinaldi. Here, there was no dismissal so a different issue is presented.

## II.

We agree that Feldhacker supports the argument that proof of prosecutorial misconduct would be relevant in determining whether Rupp deserved a remedy when the government dropped firearm charges in a superseding indictment and then reinstated those charges in a subsequent superseding indictment.[4] But proceeding by a superseding indictment that eliminates charges, rather than by requesting leave of court for a Rule 48(a) dismissal of those charges, is not, without more, misconduct.

Rupp argued that the government "dismissed" the firearms charges in the second superseding indictment solely to induce his guilty plea to the Hobbs Act robbery, prejudicing him by eliminating his option to go to trial on that count. The government explained that it eliminated the firearm charges because it was unable to locate an essential witness, Ford. The store clerk did not see a firearm during the brief robbery. Ford told police that, during the getaway, Rupp and Wright celebrated with handshakes, talked about their plans to sell the merchandise in Chicago, and Rupp remarked, "we didn't even have to use the gun." Then, when police pulled over Ford's van, Ford said that Wright threw a handgun at Ford and told Ford to hide it. Co-defendant Wright gave police a statement that conflicted with Ford's. Ford said he was willing to testify.

---

[4]Rule 11(a)(2) provides that a defendant who enters a conditional guilty plea "[w]ith the consent of the court and the government" and then prevails on appeal of the reserved issue "may then withdraw the plea." The parties do not address whether Rupp's remedy would be limited to withdrawal of his guilty plea to the § 924(c) firearm charge if his motion to dismiss that charge was improperly denied. Given our resolution of the issue raised on appeal, we need not address this issue.

Unable to locate Ford as Rupp's trial date approached, the government obtained and filed a second superseding indictment that dropped the firearm charges against Rupp and added Ford -- the robbery's lookout and getaway driver -- as a third defendant to the Hobbs Act robbery count. A warrant issued for Ford's arrest, and police were able to find and arrest him six days later. Ford agreed to cooperate and entered into a plea agreement. Two months later, the government filed the third superseding indictment reinstating the firearm charges against Rupp.

After an evidentiary hearing, the district court found that the government's conduct was not in bad faith and did not prejudice Rupp. Though Rupp questions the government's explanation, the district court's contrary findings are not clearly erroneous. As we have explained, the firearm charges remained pending after the second superseding indictment was filed. That a key witness had absconded on the eve of trial was, like the court suppressing the defendant's confession in Feldhacker, "a change in circumstances." 849 F.2d at 295. Ford was located before the firearm charges were dismissed, for example, by a plea agreement that resolved all charges, and before jeopardy had attached by the commencement of trial on the second superseding indictment. Absent bad faith, filing the third superseding indictment was within the government's prosecutorial discretion.

Rupp's allegation that the government circumvented Rule 48(a) to induce his plea to Hobbs Act robbery is unsupported by the record. In an e-mail to defense counsel prior to Rupp's plea, the prosecutor advised he was "contemplating dropping the 924(c) given some uncertainty about the gun [and] the need to try to figure out which version is accurate." In a later e-mail, the prosecutor proposed that if Rupp "wants a plea agreement binding us not to [pursue] a 924(c), he will need to provide a factual basis . . . . Alternatively, if I remove him from the 924(c) in the superseding indictment to be presented to the grand jury this week, as I am presently inclined to do, it could theoretically be filed at a later date, but that is not a certainty." Defense counsel responded that Rupp "will plea to the Hobbs Act count and go to trial on the

firearms counts." Thus, Rupp pleaded guilty to the robbery charge without a plea agreement knowing that, if the government dropped the firearm charges, they might later be reinstated. There was no prosecutorial misconduct.

Finally, we agree with the district court that Rupp failed to demonstrate prejudice. He chose to plead guilty to Hobbs Act robbery knowing the government might reinstate the firearm charges omitted from the second superseding indictment. When the third superseding indictment was filed, he did not move to withdraw that plea -- the obvious remedy -- and advised the prosecutor he did not want to withdraw the plea. The district court found Rupp gave "no indication he wishes to withdraw his plea." Rupp argues plea withdrawal would have jeopardized his sentencing adjustment for acceptance of responsibility, or the court might not have permitted withdrawal, or the government would have used admissions about the gun in his guilty plea if he had testified at trial. These speculative claims cannot establish prejudice. See United States v. Gladney, 474 F.3d 1027, 1031 (8th Cir. 2007).

The judgment of the district court is affirmed.

_____